# NATIONAL BANK AND LOAN COMPANY *v.* PETRIE.

## ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 166.    Argued and submitted February 24, 1903.—Decided March 9, 1903.

Where a national bank has sold certain bonds and the vendee has obtained a judgment for the purchase money in a state court on the ground that the sale was induced by false representations of the president of the bank, the judgment will not be reversed on the ground that the sale of the bonds was without the authority of the bank and was illegal and void. The fraud is prior to the sale and authorizes a rescission; nor can the bank claim that the fraud was perpetrated by an agent who did not represent it for illegal purposes. The bank must adopt the whole transaction or no part of it.

THE case is stated in the opinion of the court.

Submitted by *Mr. Henry Purcell* and *Mr. John Lansing* for plaintiff in error.

Argued by *Mr. Elon R. Brown* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action to recover money paid to the plaintiff in error for certain bonds. One defence set up in the answer was that the bank was a national bank, and that the sale of the bonds was without the authority of the bank, and was illegal and void. Judgment went against the bank, it was affirmed by the appellate division of the Supreme Court, 46 App. Div. 634, and by the Court of Appeals, 167 N. Y. 589, and the case now comes here by writ of error. The ground of the action is that the sale was induced by false representations of the president of the bank. We do not state these particularly, because the findings and rulings of the state court with regard to them are not open. We have to deal with no question except the defence attempted under the United States statute, and therefore need not inquire whether they contained a stronger infusion

of fraud than is allowed to vendors in the way of praising their wares.

As we are of opinion that the defendant in error is entitled to keep his judgment, it does not matter so much as otherwise it would whether the result is reached by a dismissal of the writ, on the intimation of *Walworth* v. *Kneeland,* 15 How. 348, 353; see *Conde* v. *York,* 168 U. S. 642, 649, or by an affirmance of the judgment. We shall assume that the defence under the statute was such a claim of immunity as to entitle the plaintiff n error to come here. *Logan County National Bank* v. *Townsend,* 139 U. S. 67, 72; *McCormick* v. *Market Bank,* 165 U. S. 538, 546. On that assumption, however, we do not perceive now the defence is made out on the record. The complaint, to be sure alleges that the bank was acting unlawfully in selling the bond, but it does not appear that Petrie knew the fact, and it would be a strong thing to charge him with notice or a duty to make inquiries as to how the bank was conducting its business, or to make the validity of the sale depend upon the fact alone, irrespective of the purchaser's knowledge. See *Miners' Ditch Co.* v. *Zellerbach,* 37 California, 543, 578, 579; *New York & New Haven Railroad* v. *Schuyler,* 34 N. Y. 30, 73; *Madison & Indianapolis Railroad* v. *Norwich Saving Society,* 24 Indiana, 457, 462. The sale might have been lawful. It was not necessarily wrong. *First National Bank of Charlotte* v. *National Exchange Bank of Baltimore,* 92 U. S. 122, 128. However, we need not stop at this preliminary difficulty or another suggested by the answer, on which no point was made. The answer alleges that the sale was without the authority or consent of the bank, and was not within the course of its regular business, which looks a good deal like an attempt to deny that there ever was an effective sale and yet to keep the price.

The declaration goes upon a rescission of the contract. It contains ambiguous language, but the allegations of tender of the bond and that the tender still is kept good make the ground sufficiently clear. The question then is, leaving on one side the averment just quoted from the answer, and assuming that the parties were attempting a transaction forbidden by the law, whether the nature of the attempt prevents one of them from

withdrawing from the bargain on the ground of preliminary fraud. If the withdrawal were on the ground of repentance alone the law might, or might not, leave the parties where it found them. See *Central Transportation Co.* v. *Pullman's Palace Car Co.*, 139 U. S. 24, 60, 61; *Pullman's Palace Car Co.* v. *Central Transportation Co.*, 171 U. S. 138, 150. But a person does not become an outlaw and lose all rights by doing an illegal act. See *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540. The right not to be led by fraud to change one's situation is anterior to and independent of the contract. The fraud is a tort. Its usual consequence is that as between the parties the one who is defrauded has a right, if possible, to be restored to his former position. That right is not taken away because the consequence of its exercise will be the undoing of a forbidden deed. That is a consequence to which the law can have no objection, and the fraudulent party, who otherwise might have been allowed to disclaim any different obligation from that with which the other had been content, has lost his rig.' to object because he has brought about the other's consent by wrong. See *Pullman's Palace Car Co.* v. *Central Transportation Co.*, 171 U. S. 138, 151. It is true that the fraud was perpetrated by an agent, and it is argued that he did not represent the bank for an illegal act. But unless this means that there was no sale, as the answer and a part of the argument seem to suggest, in which case, of course, Petrie must have his money back, the answer is that if the bank relies upon the sale it must take it with the burden of the fraud. It must adopt the whole transaction or no part of it. It cannot affirm what is for its advantage and repudiate the rest. Cases where the action is on the illegal contract do not apply. Such was *First National Bank of Allentown* v. *Hoch*, 89 Penn. St. 324. Here the attempt is to recover outside of it, treating it as set aside. An action for damages caused by fraudulent representations which induced a contract, affirms the contract and relies upon it, *Whiteside* v. *Brawley*, 152 Massachusetts, 133, 134, and therefore may be subject to the same defences as an action brought directly upon the contract. *Weckler* v. *First National Bank of Hagerstown*, 42 Maryland, 581, 595, 597, seems to have been

an action of this character in respect of a sale on commission by the bank. We express no opinion as to an action of that kind. See *Thompson* v. *Saint Nicholas National Bank*, 146 U. S. 240, 251; *Concord First National Bank* v. *Hawkins*, 174 U. S. 364. But when a right is claimed to repudiate it, the party who denies the right is the one who relies upon the contract, and that party must take it as it was made. The record discloses no error reëxaminable here.

*Judgment affirmed.*

MR. JUSTICE McKENNA took no part in the consideration and disposition of this case.

## NATIONAL BANK AND LOAN COMPANY *v.* CARR.

No. 165. Argued with No. 166 and by the same counsel.

MR. JUSTICE HOLMES: This case is similar in substance, pleading and argument to the foregoing, with the additional fact that the president of the bank acted as the confidential adviser of the defendant in error and did not reveal to her that the bonds belonged to the bank or that he was on both sides of the transaction and interested against her. As soon as she found out that the bank was the seller she repudiated the sale.

*Judgment affirmed.*