### Henry C. Barnes v. Bertha R. Huffman.

1. FRAUDULENT CONCEALMENT OF CAUSE OF ACTION—*when, will remove bar of Statute of Limitations.* The bar of the Statute of Limitations is removed where it appears that the defendant practiced a fraud upon the plaintiff while standing in a fiduciary relation to the plaintiff, and concealed the real facts.

2. SET-OFF—*when, deemed waived.* Where the appellant fails to argue the question as to a right of set-off, he is deemed to have waived the same.

3. RES JUDICATA—*when, established.* Where in an action of *assumpsit* a plea of set-off is interposed and it appears that previously in a suit for partition and accounting the subject-matter of such set-off was in issue or might have been put in issue, the decree in such partition proceeding is *res judicata* of the subject-matter of such plea of set-off.

Action of assumpsit. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

MATHER & SNIGG, for appellant.

W. E. Loomis, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in assumpsit by appellee against appellant, her father, to recover the sum of $800 alleged to be due her for certain real estate sold and conveyed by her to appellant. The plaintiff recovered judgment for the sum of $574, from which the defendant appeals.

The amended declaration sets out the conveyance by appellee to appellant, on February 29, 1892, of certain premises and appurtenances of plaintiff for the consideration of $400; the promise of appellant to pay said sum to appellee, and his refusal so to do. To the declaration appellant pleaded the general issue, the Statute of Limitations, and a set-off in the sum of $600 for the rent of the premises in question, from her marriage to the commencement of the suit; in the sum of $50, the value of a horse given her on her marriage, and the sum of $100 advanced to her at that time. To the pleas of the Statute of Limitations appellee replied in substance that the execution of the deed in question was obtained by fraud and misrepresentation; that at the time she was young and wholly inexperienced and ignorant of the meaning and effect of the instrument signed by her; that appellant represented to her that its execution was necessary to facilitate the adjustment and settlement of a certain partition suit then pending wherein one Humphrey was complainant and appellant, appellee and others were defendants; that she, confiding in said false and fraudulent representations, executed and delivered said deed to appellant without his paying her any consideration therefor, and that appellant had fraudulently concealed the existence of said deed from her until September, 1901, when the true nature of said deed was for the first time made known to her. To the plea of set-off appellee replied that the matters therein claimed were fully adjusted and adjudicated in an accounting had in a certain partition suit wherein appellee was complainant and appellant and others

were defendants, in which a final decree was entered which still remains in full force and effect.

From a careful examination of the evidence upon the question, none of which we deem it necessary to rehearse, we are of opinion that the jury were warranted in finding that appellee was induced by appellant to execute the deed in question upon the false and fraudulent representation that it was an agreement for a settlement, in some manner, of matters between herself and her brothers and sisters or others; that appellant fraudulently concealed its existence from appellee; that she did not at the time know, and, by reason of the relationship existing between her and her father and the consequent trust and confidence reposed in him, failed to learn of the true nature of the deed until within five years of the commencement of the suit at bar, and that such relation of trust and confidence was sufficient to excuse the exercise of diligence on her part to discover such fraud. Vigus v. O'Bannon, 118 Ill. 334. These facts constituted a fraudulent concealment of the cause of action within the intendment of the statute, so as to remove the bar of the Statute of Limitations. Rev. Stat. 1901, 1164.

Appellant admitted that the consideration named in the deed was not paid to appellee at the time of the conveyance, but sought to establish an offset to the same, claiming that appellee is indebted to him in the sum of $480 for rent of a certain garden, stable, house and eight acres of land from the year 1892 to date of suit, and for several other items which were apparently abandoned on the trial. It is insisted by appellee that the claim for rent was fully adjusted and settled in a suit for partition and accounting wherein she was complainant and appellant and others were defendants and in which the rights and interests of appellant and appellee in certain real estate, including the tract for which rent is claimed, were fully settled and determined on an accounting then and therein had between them. Inasmuch as counsel for appellant have failed to argue or discuss this question in their brief and argument filed in this court, the claim for rent under the plea of set-off must be

regarded as abandoned.   We have, however, examined the decree in the partition suit referred to and are of opinion that it sustains the contention of appellee.

The judgment of the trial court will therefore be affirmed.

*Affirmed.*