DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1909.

---

Sol Grollman, Defendant in Error, v. Lake Geneva Piano Stool Company, Plaintiff in Error.

### Gen. No. 14,290.

1. VERDICTS—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review.

2. INSTRUCTIONS—*when complaint of, given in Municipal Court, cannot be urged on review.* An instruction given in a trial in the Municipal Court of Chicago, assigned on appeal as erroneous, will not be reviewed in the absence of a specific objection having been made thereto, prior to the retirement of the jury to which it was given.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 4, 1909.

STEELE & THOMPSON and CHARLES HUGHES, for plaintiff in error.

HELMER, MOULTON & WHITMAN, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The plaintiff, Sol Grollman, sued the defendant, the Lake Geneva Piano Stool Company, a corporation en-

(332)

gaged in the manufacture and sale of piano stools. The suit was commenced August 20, 1907. The plaintiff's bill of particulars is this: "Plaintiff's claim is for damages for the breach by defendant of a contract of hire, by a wrongful discharge of plaintiff by defendant, about May 10, 1907, to plaintiff's damages of $1,000."

The jury found for the plaintiff and assessed his damages at the sum of $567.50. The defendant moved for a new trial, which motion was overruled and judgment was rendered on the verdict.

December 15, 1906, an agreement, in writing, was made by and between the Lake Geneva Piano Stool Co., party of the first part, and the plaintiff, party of the second part, wherein, after stating that "the party of the first part is organized for the purpose of manufacturing and selling piano stools and other articles of merchandise", and that "the party of the second part has had a large experience in connection with the said business," it is provided that, "in consideration of the party of the second part devoting all his time and attention to the promotion of the business of the party of the first part as salesman, and in rendering such other duties as he may be requested, from time to time, by the board of directors of the said party of the first part, he shall receive the sum of thirty-five dollars ($35) per week, commencing on the seventeenth day of December, 1906, as salary, for a period of six months thereafter, and, if option for lease is taken for additional six months, then this contract to run for another six months". It is further provided that the officers of the company and the plaintiff shall, from time to time, consult in regard to the business, such as the employment and discharge of help, the buying and selling of material, the price thereof and the giving of credit. There was introduced in evidence a lease from Sol Grollman, the plaintiff, to the defendant corporation, of date December 15, 1906, of the premises in the city of Lake

Geneva, State of Wisconsin, where defendant's factory was, for a term of six months from December 17, 1906, with the privilege of an extension for a second period of six months from June 17, 1907. The defendant exercised its option for such extension April 17, 1907. The plaintiff, Grollman, entered upon the performance of his duties, under the contract of December 15, 1906, and continued in such performance until March 11, 1907, when he received this letter:

"CHICAGO, ILL., May 10, 1907.

SOL GROLLMAN,

Lake Geneva, Wis.

DEAR SIR: At a special meeting of the board of directors of the Lake Geneva Piano Stool Co., held in its office on March 10th, 1907, there were present, Lee S. Arthur, President; Charles Scott, Vice-President, and Mr. Stoney, Secretary. The following resolution was adopted: Whereas, it has come to the notice of the directors of this company, that Sol Grollman, salesman, and for such other purposes as the board of directors of the company may direct, does not carry out the intent and purpose of his position, and for the reason of his neglect and giving of his attention to private matters, while drawing a salary from the company, are not satisfactory; therefore it is resolved that the said Sol Grollman is discharged forthwith from the services of the company, and that formal notice of the discharge be given him by the president and secretary.

LAKE GENEVA PIANO STOOL CO.,

By Lee S. Arthur, President".

Counsel for defendant contend that the verdict is contrary to the weight of the evidence; that the court erred in admitting certain evidence, and also in its rulings on instructions.

The main question in the cause is whether the plaintiff was or not wrongfully discharged, and defendant's counsel urge that the weight of the evidence is that he was not. The evidence is such that the determination of the question depends on the credibility of the witnesses for the respective parties, which

is a question for the jury. The evidence is quite voluminous. We have carefully read and considered it, and our conclusion is, that it cannot be reasonably said that the verdict is manifestly against the weight of the evidence. Plaintiff, relating an interview between himself and defendant's president and vice-president, testified that they told him that the stool men were going together and form a combination and raise prices. The objection of defendant's counsel to this was that it had nothing to do with the matter, in other words, that it was irrelevant. We do not so think. Plaintiff had told the officers named that he could not get for the defendant's goods the prices which they were asking, because other dealers in like goods were selling at lower prices, and the statement objected to was in answer to this; besides, it is provided in the contract that plaintiff should be consulted in respect to prices. There was no reversible error in admitting the evidence.

Counsel for defendant object here to the following instruction given orally by the court:

"If you find for the plaintiff, the measure of the plaintiff's damages should be the amount that he would have earned if the contract had continued in force from the time of his discharge until the present time, less whatever money he may have earned in the meantime, or which he might, by reasonable diligence, have earned."

We are required by section 20 of the Municipal Court Act, as amended, to take judicial notice of the rules of that court. Sess. Laws 1907, p. 235. Rule 8 of that court is as follows: "Objections to the giving or refusing of oral instructions to the jury must be specific, and must be made immediately upon the conclusion of the charge, and before the jury retire."

The following occurred between counsel for defendant and the court, after the court had charged the jury orally, and before the jury had retired: .

"MR. HUGHES: In the instruction in reference to,

if you believe from the evidence that the plaintiff re-
scinded the contract, can he sue for his damages up to
the time of the trial? I ask now, your Honor, to give
the reverse of that.

THE COURT: It is denied.

MR. HUGHES: Submit it in the form, that if you be-
lieve from the the evidence that the plaintiff insisted
the contract was still in existence and was relying on
it—believe from the evidence he was relying on the
contract as still in existence at the time he entered
this suit, then if he is entitled to any damages at all,
it will be limited to the time he commenced his suit.

THE COURT: Anything further?

MR. HUGHES: I suggest that proposition as one.

THE COURT: That is denied.

MR. HUGHES: And that the measure of damages
then would extend only, if he is entitled to any dam-
ages, up to the date this suit was commenced, which
is August 20, according to the pleadings.''

Now, in the foregoing there is no specific objection
to the instruction above quoted, nor any reason stated
why it is not the law; nor does it appear that any
instruction was submitted to the court by defendant's
counsel to be ruled on by the court. Therefore the
instruction is not before us for consideration.

Next after the colloquy above quoted defendant's
counsel requested the court to give the instructions
which, he said, ''I have submitted to you before the
case commenced'', which the court refused, and coun-
sel excepted. It is, to say the least, peculiar, unprec-
edented and improper to submit to the court instruc-
tions in a case before the commencement of the trial.
There are no such instructions in the record, and
could not well be.

Counsel for the defendant asserts and argues, that
the plaintiff did not treat the contract as rescinded,
and deduces from this that the suit is for salary *eo
nomine*. If counsel mean that plaintiff did not con-
sent to his discharge, which was the sole attempt of
the defendant to rescind the contract, we agree with

them; but we wholly dissent from their deduction that the suit is for salary. The theory of the plaintiff's case is, that his discharge was wrongful and a breach of the contract, which resulted in damage to him, and this theory is supported by the evidence and sustained by the verdict. The salary which, by the contract, the plaintiff was to receive, is merely an element in estimating his loss or damage. It is stated in the abstract that the defendant moved in arrest of judgment, and it is assigned as error that the court overruled that motion. The record shows that the only motion made, after the verdict, was a motion for a new trial. No motion in arrest of judgment appears in the record; neither is it assigned as error that the damages are excessive.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*