CHICAGO—FIRST DISTRICT—OCTOBER, 1912.   585

Corn Products Refining Co. v. Oriental Candy Co., 168 Ill. App. 585.

Corn Products Refining Company, Defendant in Error,
v. Oriental Candy Company, Plaintiff in Error.

Gen. No. 16,627.

1.  CONTRACTS—*when rebates cannot be set off.* If a proposition
to rebate is conditioned upon the meeting of all the requirements
of the proposition the right to such rebates does not arise unless
such requirements have been observed, and then only at the time
and in the manner specified in the proposition.

2.  CONTRACTS—*when offer to rebate not illegal.* A proposition
offering to rebate with respect to purchases already made if the
proposee shall voluntarily make certain additional purchases, is
not illegal.

3.  CONTRACTS—*when violation of anti-trust laws constitutes no
defense; when such defense available.* The fact that the plaintiff
in an action of *assumpsit* was and is an unlawful combination and
had violated the federal anti-trust laws, will not defeat a suit by
such plaintiff for the recovery of the purchase price of property
sold by it under a contract collateral to such wrong committed by
it. In order for such a defense to prevail, the contract sought to
be enforced must have been to further the objects of the illegal
combination.

4.  CONTRACTS—*when section 6 of State anti-trust act of 1891 no
defense.* In order to avail of section 6 of the State anti-trust act
of 1891 as a defense to an action upon a contract, a violation in
this state of such act must be shown; and such a violation is not
established by showing that the plaintiff with respect to the par-
ticular subject-matter of its manufacture enjoyed a monopoly in
Illinois.

Error to the Municipal Court of Chicago; the Hon. HENRY C.
BEITLER, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1910. Affirmed. Opinion filed October 16,
1912.

GUSTAV E. BEERLY, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion
of the court.

Corn Products Refining Company brought this suit

to recover of Oriental Candy Company, plaintiff in error, the sum of $817.88, a balance alleged to be due defendant in error on account of certain corn syrup sold to plaintiff in error during the months of November and December, 1908. The court gave judgment for said sum against plaintiff in error. A set-off was claimed by plaintiff in error for the sum of $817.88 for money due it as rebate; for moneys secured by charging it exorbitant prices for glucose and grape sugar; for money wrongfully exacted and withheld from it, and for money secured from it by a scheme or contract in restraint of trade.

It was also set up as a defense, that defendant in error was and is a trust combination and conspiracy, organized to monopolize the manufacture and sale of glucose and grape sugar in the United States, in violation of the laws of Illinois and of the United States, and has no legal capacity to sue; that it was organized by a combination of a number of different manufacturing companies which were then independent and competing glucose manufacturing concerns; that as such combination and conspiracy in restraint of trade it sold the goods sued for at an exorbitant price, and plaintiff in error bought the goods as it was not able to buy them elsewhere; that the goods sued for were sold above the current price and under an illegal and wrongful agreement to return to plaintiff in error the excess on the performance of certain unlawful and wrongful conditions.

The evidence shows that the goods in question were purchased under the following contract in the form of a letter by defendant in error, accepted in writing by plaintiff in error, to wit:

Chicago, January 10, 1908.

Oriental Candy Co.,
    Chicago, Ill.
DEAR SIR—
We are in receipt of your order through Mr. J. J. Huxtable, for your entire requirements of our regular

standard grades of Glucose and Grape Sugars (#70, Climax and Chicago Anhydrous) from January 1st to December 31st, 1908, inclusive, which we agree to furnish you upon the following terms and conditions:

Shipments f. o. b. cars at point of shipment, freight prepaid, as required in about equal monthly quantities.

GUARANTEE OF PRICE: In consideration of your purchasing your entire supply of Glucose and Grape Sugar from us, if our regular market price in your market is lower on the day of shipment than the price at which your order is entered, we agree to give you the benefit of any such lower price.

Respectfully yours,

CORN PRODUCTS MANUFACTURING COMPANY,

S. C. Larkin.''

Plaintiff in error purchased all its requirements of glucose, or corn syrup, for the year 1908 of defendant in error, and made payment of all invoices of glucose purchased until some time in November of that year. After several attempts at settlement said parties entered into the following agreement, to wit:

"Chicago, January 16th, 1909.

Oriental Candy Co.,
    Chicago, Ill.
GENTLEMEN:

You having deducted from your indebtedness to us the sum of $817.88 Dollars, covering your alleged share in profits on shipments for 1908, it is mutually agreed between us that the acceptance by us of check covering your entire indebtedness to us, except the amount which we claim you have no right to deduct for profit-sharing on 1908 shipments, shall in no wise hereafter prejudice our rights to claim that said deduction was wrongfully made, nor shall the payment by you of all of your account with us, except the sum aforesaid, in any manner prejudice your right to claim that said deduction was properly made by you; it being the intention of both parties that the matters remaining in dispute between us shall be limited entirely to the amount covering profit-sharing on 1908 shipments

588 APPELLATE COURTS OF ILLINOIS.

Corn Products Refining Co. v. Oriental Candy Co., 168 Ill. App. 585.

which you claim the right now to deduct, and which right now to make said deduction is by us denied.

CORN PRODUCTS REFINING COMPANY,

By E. E. Van Sickle,

ORIENTAL CANDY COMPANY,

By V. G. G.''

The written proposition of defendant in error, alleged by plaintiff in error to be an illegal contract, and in restraint of trade, etc., was made to it long after the contract for the purchase of glucose, and is as follows, to wit:

December 9th, 1908.

GENTLEMEN:

PROFIT SHARING FOR 1908.

We beg to inform you that this Company will pay to you on December 31st, 1909, fifteen (15) cents per one hundred (100) pounds on the total amount of Unmixed Corn Syrup (Glucose) which shall have been purchased from this Company by and shipped to you during the year 1908, on condition that you and your successors shall have purchased exclusively from this Company, or its successors, all glucose from whatsoever material manufactured, and all Corn Syrup, Mixed or Unmixed, delivered in tank cars or barrels, required by you or your successors during the year 1909, whether for re-sale or for use in your establishment, and shall have complied with all of the terms and conditions of sale, and shall have paid in full all the invoices covering the same.

This profit-sharing payment cannot be anticipated by deducting from our invoices, but is only payable by the company's check on December 31st, 1909, on full compliance by you with the conditions above stated.

Please send us as soon after January 1st as convenient, a full detailed statement showing date of invoice, our order number, number of packages, and number of net pounds covering all shipments made to you during 1908.

Respectfully yours,

CORN PRODUCTS REFINING COMPANY.''

Plaintiff in error on December 24, 1908, deducted

from its indebtedness the amount which it would have been entitled to, December 31, 1909, had it complied with the terms of defendant in error's proposition of December 9, 1908. The refusal of defendant in error to allow that deduction, and the action of the court in sustaining the defendant in error in that refusal, furnish the sole ground of plaintiff in error's insistence for a reversal of the judgment in this court, as it is admitted that the goods were bought and that said balance is due, unless the special defenses set up are sufficient to defeat the judgment.

If it be conceded that the proposition of defendant in error of December 9, 1908, amounted to a contract between the parties to this suit, and was for that reason binding on the parties, it is very clear that the alleged "profits" of plaintiff in error on the sales of glucose of 1908 cannot be allowed to plaintiff in error under the well established law of contracts. Said profits by the terms of the contract were not to be due and payable until December 31, 1909, and then only on condition that plaintiff in error had made full compliance with the terms and conditions of the contract, by buying, and paying for in full, all glucose, and all corn syrup mixed or unmixed required by it or its successors during the year 1909. The proof shows without dispute that plaintiff in error failed to purchase its requirements of glucose, etc., for 1909 of defendant in error and, therefore, never by the terms of the contract became entitled to the credit in question. On the other hand, if it be a fact that defendant in error was and is an unlawful combination and had violated the Federal Anti-Trust Laws, as charged by plaintiff in error, such fact would not defeat the defendant in error in its suit for the recovery of the purchase price of property sold by it under a contract collateral to such wrong committed by it. In order for such a defense to prevail, the contract sought to be enforced must have been made to further the objects of the illegal combination. This was the rule under the common law, and it is also the rule under

the Federal Anti-Trust Law, as declared by the Federal Courts, and by those decisions the courts of this state are bound. National Bank & Loan Co. v. Petrie, 189 U. S. 423; Connolly v. Union Sewer Pipe Co., 184 U. S. 540. The court in the latter case said:

"The buyer could not refuse to comply with his contract of purchase upon the ground that the seller was an illegal combination which might be restrained or suppressed in the mode prescribed by the act of Congress; for Congress did not declare that a combination illegally formed under the act of 1890 should not, in the conduct of its business, become the owner of property which it might sell to whomsoever wished to buy it. So that there is no necessary illegal connection here between the sale of pipe to the defendants by the plaintiff corporation and the alleged arrangement made by it with other corporations, companies and firms. The contracts under which the pipe in question was sold were, as already said, collateral to the arrangement for the combination referred to, and this is not an action to enforce the terms of such arrangement. That combination may have been illegal, and yet the sale to the defendants was valid."

The proposition of the defendant in error of December 9, 1908, was not illegal. It was made to plaintiff in error after its contract for purchases for the year 1908, which is also legal and binding; and appears to have been a mere voluntary proposition on the part of defendant in error, without imposing any obligation whatever upon plaintiff in error. It was a mere statement or proposition to give plaintiff in error certain profits on its purchases of 1908, on condition that it do certain things therein named, which plaintiff in error never did do, and which it never was obligated to do, and was never in any way compelled or urged to do. It was simply a proposition that might have become an obligation on the part of defendant in error had plaintiff in error seen fit to have accepted its terms and to have performed the conditions upon which it was informed it could have the profits therein named. It is not an illegal contract

CHICAGO—FIRST DISTRICT—OCTOBER, 1912.   591

Corn Products Refining Co. v. Oriental Candy Co., 168 Ill. App. 585.

or contract in restraint of trade, and would not have been, if it had been accepted and performed on the part of plaintiff in error.   It was not in any sense a part of the contract for the purchase by plaintiff in error for the year 1908, and in no way affected the validity of that contract.   This same proposition, in substance, or so-called contract, was in every way upheld by the Appellate Court of Indiana in the case of Bessire & Co. v. Corn Products Mfg. Co., 94 N. E. 353.   Similar contracts have been held in other cases to be legal and not in restraint of trade.   Dennehy v. McNulta, 86 Fed. 825; United States v. Greenhut, 51 Fed. 213; In re Corning, 51 Fed. 205; In re Greene, 52 Fed. 104; Whitwell v. Continental Trust Co., 125 Fed. 454; Walsh v. Dwight, 58 N. Y. Sup. 91; Moroney H. Co. v. Godwin P. Co., 120 S. W. 1088; Brown v. Raunsavell, 78 Ill. 589.

By Section 6 of the Anti-Trust statutes of 1891, it is provided:

"Any purchaser of any article or commodity from any individual, company or corporation transacting business contrary to any provision of the preceding sections of this act shall not be liable for the price or payment of such article or commodity, and may plead this act as a defense to any suit for such price or payment."

In People v. Butler St. F. & I. Co., 201 Ill. 236, our Supreme Court have decided, in substance, that as the legislature of Illinois is powerless to pass an enactment making an act committed in a foreign state punishable here in this state, our courts in construing the act, must necessarily confine it to those matters upon which the General Assembly has power to act, viz., trusts, pools, combinations, etc., formed within the state of Illinois.   In other words, the statute is only violated by the doing of some one or more of the acts prohibited by the statute within the state of Illinois.   A foreign corporation by entering into a combine within Illinois, which is forbidden by the statute, would stand upon the same footing as a do-

592    APPELLATE COURTS OF ILLINOIS.

Corn Products Refining Co. v. Oriental Candy Co., 168 Ill. App. 585.

mestic corporation, and would be liable to the penalties of said act, without regard to the residence of the corporation. But as Section 6 of said act is by its express terms only leveled against "any individual, company or corporation, transacting business contrary to any provision of the preceding sections" of the act, it cannot be invoked as a defense to this act, as no violations of the said act within this state have been proved. Chicago Wall P. Mills v. General P. Co., 147 Fed. 491.

Defendant in error is a New Jersey corporation, as shown by the evidence and the act charged against it in this case, the holding by it of stocks of other corporations, is under the authority of that state, and they are held by it within that state. None of the facts proved, or sought to be proved by plaintiff in error, tended to show a violation of the anti-trust laws of Illinois. For the reasons aforesaid, the court did not err in refusing to admit certain evidence offered tending to show defendant in error to be an unlawful combine, etc., as the evidence was not confined to acts done within Illinois. Plaintiff in error has not specifically pointed out except in few instances the evidence excluded by the court, and which it is claimed was material to the issues, and the evidence specifically set forth as such excluded evidence, that the defendant in error had no competition in Illinois or in the United States, that it was the only manufacturer of glucose in the United States since 1906, etc., does not have any tendency to establish a defense against defendant in error's claim. The same is true as already indicated as to the affidavit of the President of Corn Products Refining Company as to the stocks owned and controlled in other companies.

As plaintiff in error did not complain of the giving of instructions in the trial court, no objections thereto will be considered by this court. Grollman v. Lake Geneva P. S. Co., 147 Ill. App. 332.

The judgment of the court is affirmed.

*Judgment affirmed.*