438 APPELLATE COURTS OF ILLINOIS.

Briggs v. Joseph & Bros. Co., 175 Ill. App. 438.

---

**Carl R. Briggs and Joseph H. Turivas, copartners as Briggs & Turivas, Defendants in Error, v. Joseph Joseph & Brothers Company, Plaintiff in Error.**

### Gen. No. 17,650.

1. SALES—*measure of damages where buyer rejects goods.* Where a purchaser refuses to take goods bought and the seller delivers them to another in performance of a contract, the measure of damages is not the difference between the contract price of the first buyer and the contract price of the second buyer, but is the difference between the contract price of the first buyer and the market price at the time and place of delivery.

2. APPEALS AND ERRORS—*when objection must be made to oral instruction.* Where a rule of the Municipal Court of Chicago requires

Briggs v. Joseph & Bros. Co., 175 Ill. App. 438.

objections to oral instructions to be specific, if the judge charges the jury orally and a party not objecting offers a written instruction, neither the refusal of the written instruction nor the giving of the oral instruction is saved for review.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 3, 1912.

ZEISLER & FRIEDMAN, for plaintiff in error; LEONARD B. ZEISLER, of counsel.

BENJAMIN B. MORRIS, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendants in error sued plaintiff in error in the Municipal Court and recovered a judgment on a verdict for $142.59. The errors relied on for a reversal of the judgment are (1) that the court refused to give the following instruction offered by the defendant (plaintiff in error):

"The jury are further instructed that the amount to be recovered in any case for breach of contract never exceeds the loss sustained by the party performing, and that in the case of a contract of sale, where the goods contracted for are sold to another party, as was done in this case, the damages allowed by the law is the difference between the contract price and the price received at such sale."

And (2) that the court gave the following instruction:

"The court instructs the jury that the amount of damages recoverable by the plaintiff for the breach of contract of sale is the difference between the contract price and the market price at the time and place of delivery."

The controversy was in regard to the sale by the defendants in error to the plaintiff in error 380,300 pounds of steel turnings at $8 a net ton. The plaintiff in error rejected the steel turnings. It is urged

that the jury were led by the erroneous action of the court respecting the instructions on the question of damages, to make an excessive award of damages. The record does not contain all the evidence introduced on the trial.

The court instructed the jury orally. Rule 8 of the Municipal Court respecting objections to oral instructions is stated in Grollman v. Lake Geneva Piano Stool Co., 147 Ill. App. 332. In Pecararo v. Halberg, 246 Ill. 95, it was held: "An exception to an oral charge on the whole case should point out specifically the portion of the charge objected to. A general exception to the whole charge is not sufficient." In Morton v. Pusey, 237 Ill. 26, at page 34, the court says: "At the conclusion of the oral charge the judge inquired whether there were any objections to the instructions as given. Counsel for plaintiff in error did not make any objection nor take any exception to the charge so far as the law stated or omitted was concerned, but asked that two of the written instructions which he had before passed up, and which two he then again presented, should be given. The court refused both. One of them contained a proper element which went to the measure of damages, the substance of which should have in some manner been given to the jury, but as offered these instructions were properly refused for the reason that they were in writing when the court had determined to charge the jury orally, and had so advised counsel before beginning to instruct."

This case falls within the rule above announced, and we must hold that the alleged error in the refusal to instruct as requested and the giving of the instruction complained of here was not saved for review by the plaintiff in error. We have, however, examined the evidence shown in the record for the purpose of determining the errors assigned in refusing and giving the instructions. The evidence shows that while the plaintiffs notified the defendant, after the defendant

had refused to take the turnings in question, that they would sell the property in the open market for the account of the defendant they did not do so, but delivered the turnings to the Block Pollack Iron Company on contracts between the plaintiffs and that company, at the price of $9 per gross ton. This appears from the plaintiffs' answers to interrogatories propounded by defendant. These answers are not disputed or questioned. The defendant could not in law avail itself of the benefits of contracts made by plaintiffs with the Block Pollack Company; and the instruction requested by the defendant was therefore properly refused. The instruction given by the court stated the correct measure of damages.

We find no error in the record and the judgment is affirmed.

*Affirmed.*