(No. 2522—

LEHIGH PORTLAND CEMENT CO., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1937.*

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint alleges that this claim is for the sum of $175.00 due claimant under a contract entered into between claimant and the Department of Purchases and Construction, Division of Purchases and Supplies of the State of Illinois, and wrongfully deducted from the payments made to claimant by the Auditor of Public Accounts for discounts contrary to the terms of the contract.

Claimant is a corporation incorporated under the laws of the State of Pennsylvania, and licensed to do business in the State of Illinois.

On December 7, 1932, the Department of Purchases and Construction requested of claimant a bid on furnishing 4,000 barrels of Portland cement to the Southern Illinois Penitentiary, and the claimant entered a sealed bid and forwarded the same to the Department, and on December 29, 1932, the claimant was notified by the Department·by telegram, that it, the claimant, had been awarded a contract for 2,000 barrels of Portland cement, and said Department followed this telegram with a purchase order for that amount of cement. The purchase order is for 2,000 barrels at $1.76 per barrel, less ten cents per barrel discount for each payment made within fifteen days from the date of invoice. A Bill of Particulars was filed with the complaint. This shows the sum of $175.00 due for discounts wrongfully taken.

There was considerable correspondence with the various State officers and on October 30, 1933, the Director of Finance wrote the claimant as follows:

"We cannot say that your recent complaint concerning our deduction of cash discount in making remittance to you, is fully unjustified, as technically the discount date had passed at time of remittance. Nevertheless, we feel that we are justified in calling upon you for your cooperation at this time in accepting the remittance in the manner in which it has been made.

"Unfortunately, during the early months of this year, funds were extremely slow in coming into the State Treasury, and it became necessary to resort to extreme measures of economy to curtail expenses with a view toward placing the State in a position where it might be able in the future, to meet its obligations promptly.

"In the light of these circumstances, we ask you to give further consideration to this question of discount and we are confident that after so doing, we are assured of your cooperation in the matter at hand.

Very truly yours,

J. J. RICE,
*Director of Finance.*"

This the claimant refused to do.

A stipulation of facts was filed. No question arises as to the quality or quantities of the cement, and it clearly appears that the State would only be entitled to the discount of ten cents on each barrel if payment was made within fifteen days from the date of invoice. Claimant mailed its invoices to the proper officers of the State dated August 25, 1933, for five shipments of cement, and on September 25, 1933, the claimant received a warrant issued by the Auditor of Public Accounts in payment thereof, and in each instance,

a discount of ten cents per barrel had been deducted. The warrants were mailed to and received by the claimant later than fifteen days after the date of the invoices in payment of which it was issued. Paragraph 5 of the stipulation is as follows: ''That the sum of the amounts so deducted as discounts, as set out in the preceding paragraph hereof, for which claim is made herein, is $125.00''. The stipulation does not claim any other amount.

The Attorney General's Statement, Brief and Argument states that the claim is for $125.00 due claimant under a contract for the purchase of cement. The Attorney General also states that there was a dispute as to the discount on two of the cars, and the claimant waived the claim as to the two cars, and thus reduced the claim to $125.00, this being the amount contained in the stipulation.

The only question that we are called upon to decide is whether a party to a contract who has not complied with its terms is none the less entitled to benefits expressly conditioned upon such compliance. It is clear from the elementary principles of the law of contracts that he is not.

*Corn Products Refining Co.* vs. *Oriental Candy Co.*, 168 Ill. App. 585; *J. Wolkind & Co.* vs. *R. & W. Cloak & Suit Co.*, 184 New York Supplement 460.

In the latter case, the court discussing a discount provision used the following language:

"The outstanding fact, however, is that defendant, whatever the terms of the discount were, never conformed to the terms, and therefore never was entitled to them, and the mere fact that it deducted the amount in paying the bills from time to time gives it no right it did not possess before."

The letter of the Director of Finance under date of October 30, 1933, while commendatory under the circumstances, is not a legal defense to the claim, and no authority has been cited contrary to the views herein expressed.

We, therefore, allow the Lehigh Portland Cement Co., a corporation, the sum of One Hundred Twenty-five Dollars ($125.00).