**MYERS et al. v. CANTON NAT. BANK OF CANTON, ILL., et al.**

No. 7005.

Circuit Court of Appeals, Seventh Circuit.

Jan. 15, 1940.

---

[5] Ill.Const. Art. IX Sec. 12, Smith-Hurd Stats.

A. F. Taff and Floyd F. Putman, both of Canton, Ill., for appellants.

Glenn Ratcliff, of Lewistown, Ill., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

This appeal is from a judgment dismissing a complaint, for failure to state a valid cause of action.

Plaintiffs sought to recover a money judgment for damages occasioned by alleged fraudulent representations in the sale of a note and mortgage. The president of the defendant bank represented to plaintiffs' mother that the mortgage was a first mortgage on property worth more than the indebtedness, when it was, in fact, a second mortgage, and the first mortgage secured a note in excess of the value of the land covered by the mortgages.

Appellants are the heirs at law of Mary Myers, the purchaser of the mortgage, who allegedly relied upon the false and fraudulent statements of the president of the bank.

EVANS, Circuit Judge.

Defendants' attack upon the plaintiffs' complaint was from many angles: (a) Plaintiffs, as heirs at law of the party defrauded, could not maintain this action in their own names to recover for the fraud practiced, for such cause of action belonged to their mother and on her death passed to her administrator. It could only be enforced by her administrator. (b) The cause of action stated in the complaint was outlawed. (c) Plaintiffs and their mother were bound to exercise due diligence to discover the alleged fraud and were under obligation to discover those facts which appear as a matter of public record. This diligence the complaint failed to disclose. (d) The facts do not show a fiduciary relation between the plaintiffs' mother and the bank and its president. (e) There was no concealment of the fraud by the appellees. (f) Neither the bank nor its president had authority to warrant the title of the real estate nor to make representations as to the priority of the mortgage sold.

Fortunately, most of the questions raised have been decisively settled by Illinois court decisions, so that discussion is unnecessary.

The plaintiffs, as heirs at law of the defrauded party, were (under the law of Illinois) permitted to maintain this action, it appearing in the complaint that there were no unpaid debts of the estate and that no administration was had of her estate. Moore v. Brandenburg, 248 Ill. 232, 93 N.E. 733, 140 Am.St.Rep. 206.

The cause of action in this case was not barred by the statute of limitations although more than five years elapsed between the date of the fraudulent transaction and the commencement of this action. Assuming as we do that the Illinois statute (Smith Hurd Illinois Annotated Statutes, Chap. 83, Sec. 23) governed, we think the statements in the complaint, if established by the evidence, presented a jury question as to defendant's concealment of facts which would have disclosed the falsity of the defendant's misrepresentations.

The complaint alleged that defendant bank agreed in writing with the purchaser that it, the bank, would hold the mortgage for the protection of purchaser and make all collections of interest and principal when due. It further certified in writing that it held a "complete long form abstract showing the title to the above described land to be held by said mortgagor and that said loan is the only loan existing against said premises as shown by examination of said abstract."

It was also alleged that the president of the bank, who sold the note to Mary Myers, and, for the purpose of inducing said purchase, wilfully, falsely, and fraudulently represented that said note was secured by a first mortgage when it was not. It was also alleged that Mary Myers had long dealt with said bank and that Heald was the president of the bank, and had been for many years, during which time she had received advice from him in connection with investments and that there existed a feeling of confidence and trust on her part, in the honesty, the honor and integrity of said Heald, and in the responsibility of said Canton National Bank; that because of her residence in Colorado and of her faith and confidence in the integrity and honor of said Heald, the true state of the title and the junior status of the mortgage were concealed from her and she was lulled into a state of confidence, as a result of which she did not make the

investigation of the records to disprove Heald's false and fraudulent statements.

Under the rule laid down in Barnes **v.** Huffman, 113 Ill.App. 226; Vigus v. O'Bannon, 118 Ill. 334, 8 N.E. 778; Bates v. Preble, 151 U.S. 149, 161, 14 S.Ct. 277, 38 L.Ed. 106; 17 Ruling Case Law, "Limitations of Actions," Sec. 220, page 862, we are satisfied that plaintiffs were, if the evidence sustains their allegations, entitled to go to the jury on certain factual issues and if these issues were decided in plaintiffs' favor, the defense of the statute of limitations was defeated.

The Illinois decisions are likewise decisive as to the alleged failure of plaintiffs to exercise due diligence to discover the fraud in defendant's misrepresentations before purchasing the mortgage.[1] The Illinois decisions seem to be more favorable than those of the supreme courts of other states, on this phase of fraud actions. However, upon the facts stated, there is no doubt but that the most defendants could possibly ask was to have the question submitted to the jury.[2]

The complaint alleged that the deceased, Mary Myers, and the daughters *lived in a state far removed from Canton, Illinois.* The president of the Bank of Canton, who made the false and fraudulent representations and sold the mortgage to plaintiffs' mother, had long known her and transacted business with her when she lived, years before, in Illinois. Under several of the above-cited Illinois Supreme Court decisions, defendants could not have even made a jury issue on plaintiffs' burden of establishing due diligence in searching public records, on a fact showing such as was stated in the complaint.

Defendants' chief reliance for affirmance is based upon the asserted want of authority on the part of the president of the bank to warrant the priority status of the mortgage he was selling for the bank. In other words, denial of authority of a bank or its officials to sell its negotiable paper save *"without recourse,"* is brought forward to support appellees' position. Appellees cite Awotin v. Atlas Exchange National Bank, 295 U.S. 209, 55 S.Ct. 674, 79 L.Ed. 1393, for support of this position.

If we keep in mind that this is an action for damages based upon fraud (*ex delicto,* not *ex contractu*) in the bank's sale of one of its mortgages, the cases cited by appellees will be readily distinguished. The fraud preceded the sale. It induced the sale. The "without recourse" proviso applied to the sale, not to the fraud which caused the buyer to make her purchase.

Plaintiffs' mother was induced to make the purchase through the fraudulent statement of the bank's president. Different is the case where the bank's liability is based on a sale of a security where the "non recourse" provision (*expressly* provided by statute) is a part of the sale which the purchaser sues to set aside.

The question has been so fully and recently discussed by the Court that quotations from the decisions and elaboration of the reasons for the distinctions between the facts in the Awotin case (295 U.S. 209, 214, 55 S.Ct. 674, 79 L.Ed. 1393) and the Oppenheimer v. Harriman Bank case (301 U.S. 206, 57 S.Ct. 719, 81 L.Ed. 1042) would unduly lengthen the opinion without adding one whit to the effect of the court's holding in the Oppenheimer case, which opinion controls the instant case.[3]

It is further argued that the present receiver of the Canton bank—Receiver Adair—should have been made a party to the appeal and, because the appellants did not do so, appellees ask that the appeal be dismissed.

Appellees' motion to dismiss the appeal because an alleged indispensable party to the

[1] Kehl v. Abram, 210 Ill. 218, 71 N.E. 347, 102 Am.St.Rep. 158; Pustelniak v. Vilimas, 352 Ill. 270, at page 276, 185 N.E. 611; Borders v. Kattleman, 142 Ill. 96, 103, 31 N.E. 19; Antle v. Sexton, 137 Ill. 410, 27 N.E. 691; Hicks v. Stevens, 121 Ill. 186, at page 194, 11 N.E. 241; Ladd v. Pigott, 114 Ill. 647, 2 N.E. 503; See also Cooley on Torts, Sec. 351; American Jurisprudence, "Fraud and Deceit," Sec. 163; 33 A.L.R. 853, Note "Fraudulent Misrepresentation on Concealment by a Contracting party concerning Title to Property or other Subjects which are matters of Public Record."

[2] See cases cited in preceding footnote, American Jurisprudence, "Fraud and Deceit," Sec. 291.

[3] See also: First Nat. Bank v. Graham, 100 U.S. 699, 702, 25 L.Ed. 750; Nat. Bank & L. Co. v. Petrie, 189 U.S. 423, 23 S.Ct. 512, 47 L.Ed. 879; Merchants' Nat. Bank v. State Nat. Bank, 10 Wall. 604, 77 U.S. 604, 19 L.Ed. 1008; Greeley Nat. Bank v. Wolf, 8 Cir., 4 F.2d 67.

suit was not made a party to the appeal, must be denied. In the original pleading the plaintiffs named the bank and Albright, the then receiver, as defendants. It was the plaintiffs' contention that the receiver was a proper but not a necessary or indispensable party.

When the appeal was taken it was addressed to both the bank and said Albright, receiver. Plaintiffs' appeal bond ran to the same parties. A copy of the contents of the record was served on counsel for both defendants—their counsel of record. There was no withdrawal of counsel, as attorney for Albright, the receiver, or for the bank. The change of receivers had occurred before the motion to dismiss was filed in the trial court, which pleading was made by the substitute receiver and the bank. There was, however, no change of the name of the receiver in these appellate proceedings. Neither party called the attention of the court to any such change.

In our opinion, Rule 25 of the Rules of Civil Procedure, subsection (c), 28 U.S.C.A. following section 723c, applies.

If the new receiver wishes to be substituted as a party and will apply for leave to be made a party, his request will be granted. It is unnecessary to determine whether he is a necessary, an indispensable, or merely a proper party.

The judgment is reversed with costs with directions to the trial court to overrule defendants' motion to dismiss, and to proceed to the trial of the cause.