**AFTER HOURS, INC., Appellant,**

v.

**James SHERRARD et al., Appellees.**

No. 11759.

Court of Civil Appeals of Texas, Austin.

June 10, 1970.

Rehearing Denied June 17, 1970.

Price, Fisher, Hill & Patton, Jack N. Price, Longview, for appellant.

Stayton, Maloney, Black, Hearne & Babb, Thomas Black, Austin, for appellees.

PHILLIPS, Chief Justice.

Appellant, who brought suit in the court below on the contracts that form the basis of this appeal, contends that the suit was to rescind the contracts between each Appellee and Appellant on grounds of fraudulent misrepresentations made to Appellees prior to their entering into the contracts; and alternatively, breach of the contracts was alleged.

The trial court granted judgment for Appellees.

We reverse and render.

Appellant is before this Court on eleven points of error; however, inasmuch as we sustain its first point, we need not consider the remaining points.

Appellant's first point, which we sustain, is the error of the trial court in rendering judgment upon the verdict of the jury because the record on its face shows that the contracts alleged by the Appellees in their pleadings, established by their testimony, and found by the jury to exist are illegal and void as being in contravention of the anti-trust laws of the State of Texas and contrary to the public policy and the Constitution of the State of Texas, and therefore Appellees have no right of recovery of any nature based upon illegal and void contracts.

Appellees, as plaintiffs, contended in the trial court that the misrepresentations which gave rise to this suit were that each Appellee was told by Appellant's agent that

he would be one of only two distributors of After Hours' products in the Austin area and that such distributorship in the territory assigned to each Appellee would be, in effect, exclusive.

The crux of the Appellees' complaint in their pleadings, and revealed by their evidence, was that each Appellee was promised a specific, designated, exclusive territory in the city of Austin, and each was promised that there would be only two exclusive distributors for the designated products within defined territories in Austin. The breach or the fraud alleged and proved by Appellees was that instead of two exclusive distributors, Appellant established three distributors with exclusive territories in Austin and that the territory of the third distributor overlapped the territories of the other two exclusive distributors.

The contract which each Appellee signed with the Appellant specifies that the distributor is not an agent, but an independent business man, and further specifies that each would be given an "area of primary responsibility". Each Appellee testified that it was represented to him by the Appellant that the "area of responsibility" meant that an exclusive territory was promised and agreed upon.

■ Thus, the contracts alleged and proved between the parties hereto are patently contrary to the public policy of the State of Texas against trusts and monopolies as expressed in the Constitution of Texas[1] and specifically embodied in Art. 7426, et seq., and as recodified, in Sec. 15.-01 et seq., Vernon's Annotated Texas Business and Commerce Code. The following cases are in point and state that such contracts are void and unenforceable and that neither party to such an agreement is entitled to any recovery thereunder. See: Climatic Air Distributors of South Texas v. Climatic Air Sales, Inc., 162 Tex. 237, 345 S.W.2d 702 (1961); Morris v. J. I. Case Credit Corporation, 411 S.W.2d 783 (Tex.

Civ.App., San Antonio, 1967, writ ref'd, n. r.e.); Albin v. Isotron Corporation, 421 S. W.2d 739 (Tex.Civ.App., Texarkana, 1967, writ ref'd, n.r.e.); Schnitzer v. Southwest Shoe Corporation, 364 S.W.2d 373 (Tex. 1963).

■ We have noticed Appellees' counterpoint that Appellant's theory of illegality is raised for the first time on appeal, was neither pleaded, tried nor mentioned in Appellant's motion for new trial and thus cannot be considered by this Court. We do not agree. It is well settled that the question of the illegality of a contract may be raised at any state of the proceeding, or may be raised by the appellate court *sua sponte*, Amarillo Oil Co. v. Ranch Creek Oil and Gas Co., 271 S.W. 145 (Tex.Civ. App., Amarillo, 1925, writ dism'd). In support of their counterpoint, Appellees have cited us to Free-Flow Muffler Company v. Kliewer, 283 S.W.2d 778 (Tex. Civ.App., Texarkana, 1955, writ ref'd, n.r. e.) where the Court made the statement that illegality was an affirmative defense and must be pleaded under Tex.R.Civ.P. 94 or it will be considered waived. *Free-Flow Muffler* dealt with the construction of a contract arising under a license to sell certain patented products. Any illegality that might have resulted therefrom was, apparently, never alleged, proved or pointed out to the Court in any other way. In this respect the Court made the following statement:

"[7] In point 9 appellant makes the following abstract statement: 'The contract of July 30, 1947 is in violation of the anti-trust laws of Texas and is therefore void.' The propositions thus stated is a matter of affirmative defense and must be pleaded. It was *not pleaded* and was therefore waived. Rule 94, Texas Rules of Civil Procedure. We will not discuss the question of whether or not the statement is sufficient to raise a point of error. The point is overruled."

1. Art. 1, sec. 26, Constitution of Texas, Vernon's Ann.St.

*Free-Flow Muffler* involved a patent which is a monopoly, and with few exceptions, any conditions that are not illegal with regard to this kind of property, imposed by the patentee and agreed to by the licensee for the right to sell the article, will be upheld by the courts. The fact that the conditions in the contracts keep up the monopoly to fix prices does not render them illegal. See Monopolies, Combinations, etc., 38 Tex.Jur.2d, p. 796, Sec. 18 and the cases there cited.

The rules of pleading, and particularly Tex.R.Civ.P. 94 require only that the illegality of a contract be specifically pleaded where the illegality of the contract does not necessarily appear from plaintiff's presentation of his case. Where the illegality depends on extraneous facts and does not appear from the contract itself, or from the evidence necessary to prove the contract, it must necessarily depend upon extraneous facts which is new matter, and, to be available, must be pleaded. Mullin v. Nash-El Paso Motor Co., 250 S.W. 472 (Tex.Civ.App., El Paso, 1923, writ ref'd); Blackwell v. General Motors Acceptance Corp., 54 S.W.2d 251 (Tex.Civ.App., Amarillo, 1932, no writ); Niles v. Harris County Fresh Water Supply District No. 1–A, 339 S.W.2d 562 (Tex.Civ.App., Waco 1960, writ ref'd).

Nor can we agree with Appellees' contention that this is a "simple fraud case" where Appellant induced Appellees to enter into these contracts by making untrue statements, known by them to be untrue; that the classic relief for such a plight is rescission of the contract for fraud which was the relief granted by the district court; that this theory is supported by the authority of Nu-Enamel Paint Co. v. Davis, 63 S.W.2d 861 (Tex.Civ.App., Fort Worth, 1933, er. dism'd).

*Nu-Enamel* can be distinguished, if for no other reason, in that the court specifically pointed out that the contract in question was not illegal. The entire position taken by Appellees here is to admit that they desired exclusive distributorships within the city of Austin, and entered into the contracts only upon the basis that they were securing exclusive distributorships. Appellees' sole complaint is that three distributors were placed in Austin, rather than two which resulted in overlapping territories thereby destroying the exclusivity for which they contracted. The quoted testimony, upon which the Appellees rely to sustain the judgment of the court below, is to the effect that the Appellant breached its agreement by putting the third distributor in Austin and overlapping the exclusive territory, and that had Appellees known that this breach was going to occur, they would never have entered into the contracts.

In an attempt to bring an action founded upon an illegal contract the courts of this State have uniformly held that they will leave the parties where they found them.

The judgment of the trial court is reversed and judgment here rendered that Appellees take nothing by their suit.

Reversed and rendered.