James SHERRARD et al., Petitioners,

v.

AFTER HOURS, INC., Respondent.

No. B–2262.

Supreme Court of Texas.

Feb. 10, 1971.

Rehearing Denied March 24, 1971.

Stayton, Maloney, Black, Hearne & Babb, Thomas Black, Austin, for petitioners.

Price, Fisher, Hill & Patton, Jack N. Price, Longview, for respondent.

REAVLEY, Justice.

The three plaintiffs, James Sherrard, Glyen Lemmon and John Paul Wilkinson, Jr. brought this suit against After Hours, Inc. to rescind their distributorship contracts and to recover their damages caused by fraud that induced them to enter the contracts. Plaintiffs alleged that they were purposely deceived by assurances that the City of Austin would be divided into two separate territories for two rather than three distributors. A jury found for the plaintiffs and the trial court rendered a judgment in their favor. The court of civil appeals reversed and rendered judgment denying relief to the plaintiffs since it regarded the suit as an attempt to enforce illegal contracts in violation of the antitrust laws of Texas. 456 S.W.2d 227. We disagree with the holding of the court of civil appeals and uphold the judgment of the trial court.

Under the testimony of the plaintiffs and the findings of the jury, each of the three plaintiffs was told by defendant's agent, James C. Guidry, that half of the City of Austin would be allotted as his territory for the location of retail outlets for the sale of the breath freshener produced by defendant. Guidry's statements to plaintiffs in this respect were false, inasmuch as he was at the same time completing the separate contracts with all three of the plaintiffs.

The plaintiffs each executed a written contract with the defendant on the same printed form, with blanks filled in for the name of the distributor and his "area of responsibility." The contract provided, in part as follows (Plaintiffs' Exhibit No. 3):

"AFTER HOURS, INC.

2929 Ladybird Lane—P. O. Box 20553
Dallas, Texas 75220

### INITIAL PURCHASE ORDER AND INDEPENDENT DISTRIBUTOR AGREEMENT

THIS AGREEMENT, entered into by and between After Hours, Inc. with is [sic] principal place of business in Dallas, Texas, County of Dallas, State of Texas and *John Paul Wilkinson Jr.* whose principal place of business is in the City of *Austin*, County of *Travis*, State of *Texas*, hereinafter referred to as 'Distributor'.

WITNESSETH:

1. After Hours, Inc. is engaged in merchandising and Distributing After Hours breath and mouth freshner [sic]. Distributor desires to contract with After Hours, Inc. on an independent basis for the resale and distribution of such products.

2. AREA OF PRIMARY RESPONSIBILITY: It is understood that the Distributor shall devote his efforts principally to developing as his primary responsibility sales of After Hours breath and mouth freshner [sic] in the following general area: *Austin—North*.

3. LOCATIONS: Company will furnish Distributor the initial retail outlets for displaying his After Hours merchandise, but should a location fail to satisfy the Distributor profit wise or otherwise, Distributor understands it is his duty to secure a new location.

\* \* \* \* \* \*

6. AGENCY: It is understood that no Agency is created by virtue of this agreement or otherwise between the parties, and that Distributor shall not in any respect act as an Agent for After Hours, Inc. but shall at all times act as an Independent Contractor.

\* \* \* \* \* \*

8. MISCELLANEOUS: The terms and provisions herein contained constitute the entire agreement between the parties and shall supersede all previous communications, representations or agreements, either verbal or written, between the parties hereto with respect to the subject matter hereof. This agreement shall not become effective until accepted by After Hours, Inc. at Dallas, Texas.

\* \* \* \* \* \*

10. Distributor agrees to pay After Hours, Inc. concurrently with the execution of this agreement with Cashiers Check to cover the initial inventory of *50* units in the amount of *$2625* and made payable to After Hours, Inc.

\* \* \* \* \* \* "

When the plaintiffs discovered each other, they joined forces to bring this suit to rescind the agreements and recover their money.

■ A contract by which a distributor obtains an exclusive territory for the resale of articles purchased from the supplier, and by which the distributor is given a contractual right to prevent sale by the supplier to others in that territory, violates the antitrust laws of Texas and is unenforceable in the courts. V.T.C.A., Bus. & C. Secs. 15.03 and 15.04, formerly Article

7426, et seq.; Climatic Air Distributors of South Texas v. Climatic Air Sales, Inc., 162 Tex. 237, 345 S.W.2d 702 (1961); Grand Prize Distributing Co. of San Antonio v. Gulf Brewing Co., 267 S.W.2d 906 (Tex.Civ.App.1954, writ ref'd).

■ There was no written contract between these parties which purported to restrict After Hours to the number or area of distributors through which it could sell its product in Austin. Each distributor was to devote his efforts principally to a general area of the city, but the terms of the contract shown above give him no right to exclude other distributors from that area. The contract specifically provides that no representation or agreement outside of the written terms is effective.

Since the written contract did not violate antitrust law, we turn to determine if prior verbal exchanges between the parties had that effect. Neither party has contended at any stage of this case that there was a *contract* between them which set aside an exclusive territory for the distributor. After Hours argues on the appeal that this is the effect of plaintiffs' position, but we do not agree. Plaintiffs have not sought a remedy for the failure to perform an enforceable promise. They contend that they were induced to enter the legal contract, as written, by statements which were false and fraudulent.

A manufacturer may sell his product to whomever he pleases and he may choose to place only one or two or three distributors in any particular city. He may talk of his plans or make promises in this connection. His promises of any nature will become actionable only as terms of a contract or as grounds for an action for his deceit. If the promise is a term of a contract by which the supplier binds himself to sell to only one distributor for an exclusive territory, the contract is unenforceable. However, aside from the contractual bargain, the supplier may not misrepresent a present fact or intention in order to obtain the money and services of the prospective dis-

tributor. This was the grievance alleged in the pleading of the plaintiffs and the theory upon which they presented their case.

The plaintiffs are supported in all respects by the holding in Nu-Enamel Paint Co. v. Davis, 63 S.W.2d 861 (Tex.Civ.App. 1933, writ dism.). The contract between the parties there appointed Davis as distributor for paint products in Tarrant County and 48 other counties of West Texas. Davis successfully rescinded this contract and recovered certain items of expense for the reason that he was induced to execute the contract by the false representation and promise of the seller's agent that there was no other distributor of Nu-Enamel in Tarrant County and that Davis would be the sole distributor. The court held that the plaintiff was entitled to relief from the defendant's fraud.

These plaintiffs are in no way culpable for their desire to escape competition in a section of Austin. The same cannot be said for defendant. Relief from the effect of an illegal contract has been given in some cases to a party induced to enter the contract by means of fraud or undue influence. National Bank & Loan Co. of Watertown, N. Y. v. Petrie, 189 U.S. 423, 23 S.Ct. 512, 47 L.Ed. 879 (1903); Dibrell v. Central Nat'l. Bank, 293 S.W. 874 (Tex. Civ.App.1927, writ dism.); 17 C.J.S. Contracts § 274.

■ We now pass to the other points of error raised in the court of civil appeals by After Hours. Only one of these points was preserved in the trial court, and this was the contention that no evidence supported the finding and award of exemplary damages against After Hours. The testimony in this respect showed that James C. Guidry, the agent of After Hours, kept the three plaintiffs apart while he was telling them that there would be only two distributors in separate areas of Austin. The president of After Hours testified and admitted that if Guidry's statements to the plaintiffs were as they had testified, those statements were false and that Guidry knew the falsity. The president received the written contracts and knew that the areas overlapped. When another agent for the company, Dan Golden, first came to Austin to place the products sold to plaintiffs in retail locations, he was not informed by the company of the third distributor. When he did learn of the third distributor, he kept this fact secret from the plaintiffs. He expressly represented to the plaintiff Wilkinson that there was only one other distributor in Austin. This evidence supported the finding that the company officials knew and participated in the fraud. This warranted an award of exemplary damages. Dennis v. Dial Finance & Thrift Co., 401 S.W.2d 803 (Tex.Sup.1966).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

Concurring opinion by GREENHILL, J., in which WALKER, J., joins.

Dissenting opinion by McGEE, J.

DANIEL, J., notes his dissent.

GREENHILL, Justice (concurring).

While the court did not reach the question of the pleading, I agree with the result reached because there were no pleadings that the contract was illegal. Rule 94 of the Texas Rules of Civil Procedure specifically requires that illegality be affirmatively plead.

There may be cases in which the illegality is so flagrant as to warrant the court's noticing it even in the absence of pleadings raising the question (for example, a suit to enforce a contract to murder); but I do not consider this to be such a case.

WALKER, J., joins in this concurring opinion.

McGEE, Justice (dissenting).

I respectfully dissent.

I would adopt the opinion and affirm the judgment of the Court of Civil Appeals. 456 S.W.2d 227.