## SMITH v. CITY OF PORT ARTHUR.

### No. 2440.

Court of Civil Appeals of Texas. Beaumont.

June 29, 1933.

Crook, Lefler & Cunningham, of Beaumont, for appellant.

V. J. Wistner, of Port Arthur, for appellee.

O'QUINN, Justice.

Appellant sued appellee to recover in the sum of $2,253.74. He alleged that certain persons, formerly employees of the city of Port Arthur, had assigned to him their salaries for the last half of the month of March, 1932, and which the said city had failed to pay, setting out the amount claimed to be due each individual. Appellant alleged that said employees were employed by the city by the month, and that their month began on the first of the month and ended on the last day of each month; that they worked until the 16th of March, when they were discharged by the city of Port Arthur, defendant, and their pay for the last fifteen days of March was refused to be paid; that said employees had assigned their claim for pay for such time to him, and prayed judgment.

Appellee answered by general demurrer, several special exceptions, general denial, and specially that at the time said employees were in the service of appellee the charter of the city of Port Arthur provided that any employee might be discharged from his employment or office at any time by a majority vote of the city commission, and that without notice, by reason of which the services of said employees could have been and were thus terminated. The defendant city further answered that it was a city of more than 5,000 inhabitants, and, under the Constitution and laws of the state of Texas (Const. art. 11, § 5; Vernon's Ann. Civ. St. art. 1165 et seq.), was permitted to amend its charter or adopt a new charter in lieu of an existing charter by a vote of the inhabitants of said city, and that, in accordance with law on March 8, 1932, an election was held in said city whereat a new charter was adopted, and on March 12, 1932, the then commissioners of the city of Port Arthur entered an order adopting and declaring said new charter the charter of the city of Port Arthur, when same became fully effective as such, that the employees who assigned their claims for salary to appellant were employed under and by virtue of the old charter, that is, the charter granted to the city by special act of the Legislature, and amendments thereto, and that the adoption of the new charter created and established an entirely different form of government for the city, by reason of which all officers and employees elected, hired, or employed under the old or supplanted charter of the city terminated their said employment on the day and date the new charter was declared adopted by order of the city commissioners of said city, which was on, to wit, March 12, 1932, and that all of the employees named in appellant's petition ceased and terminated their employment with the city of Port Arthur, appellee, on said date. It further answered that the charter of the city provided that employees of the city should not assign their wages, and that an attempted assignment of such wages should not be recognized by the city, but that such wages should be paid directly to the employee to whom same was due, and that such assignment should be absolutely void.

When the case came on for trial, the court sustained the defendant's general demurrer, and discharged the defendant with its costs. Plaintiff brings this appeal.

Appellant presents but one assignment of error, that the court erred in sustaining appellee's general demurrer, insisting that his petition was sufficient.

The city of Port Arthur, defendant, is a home-ruled city. Courts will take jurisdictional cognizance of the provisions of the charters of such cities. At the time the employees who assigned their claims for wages to appellant were employed by appellee and when they performed service for said city, and when they were dispensed with, the charter of said city provided that any employee might be discharged at any time by a majority vote of the city commission, and that without notice to the employee. All the employees here involved were paid to March 16, 1932, when they were notified that their services ended. All provisions of the city charter relating to their employment by the city became a part of their contract with the city. City of Abilene v. Sayles (Tex. Com. App.) 295 S. W. 578. All persons are presumed to know the law. It is to be presumed that the employees of the city of Port Arthur knew the provisions of its charter and contracted with reference thereto. Globe Indemnity Co. v. Barnes (Tex. Com. App.) 288 S. W. 121. Under the provisions

of the charter, the city had the right to at any time terminate the services of any of its employees without notice in advance, and so acted within its authority and rights in dismissing the employees here involved.

Furthermore, being a home-ruled city, Port Arthur had the power to amend its charter, or adopt a new charter by a majority vote of its legal voters, and, after the employees who here attempted to assign their claim for wages to appellant were employed and while they were in the discharge of their employment, said city did adopt a new charter vitally changing the form of its city government. Every city officer created by its charter, or character of employment contracted for under the authority of its provisions, is subject to abolition by the exercise of the right of the people of the city to change or amend its organic law. The charter of a city is its organic law, and every officeholder or employee takes his office or accepts and contracts for his employment with the city subject to the exercise of the right of the people under the Constitution to change their form of government, and, when the city of Port Arthur adopted the new charter, the office or contract by virtue of which said employees were serving the city ipso facto ceased, unless perpetuated or renewed by virtue of some other legal provision or contract. Bennett v. City of Longview (Tex. Civ. App.) 268 S. W. 786; State v. Brooks, 220 Mo. App. 708, 293 S. W. 471, 475; City of Mart v. Richards (Tex. Civ. App.) 235 S. W. 352.

The general demurrer to appellant's petition was properly sustained, and the judgment is affirmed.