## WILLACY COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. I v. NELSON.

### No. 8484.

Court of Civil Appeals of Texas. Austin.

July 28, 1937.

Jesse G. Foster and R. F. Robinson, both of Raymondville, for appellant.

Gaines, Gaines & Roberts, of San Antonio, for appellee.

McCLENDON, Chief Justice.

Appeal from a personal money judgment against appellant district in a suit by appellee upon two of a series of negotiable promissory vendor's lien notes alleged to have been executed by appellant in favor of appellee. The judgment also foreclosed the lien; but in that regard it is not attacked.

All issues raised by the appeal relate to rulings upon pleadings, except one which relates to the exclusion of evidence.

The pertinent portions of the original petition alleged that:

Appellant is a legally created water control and improvement district lying partly in Willacy and partly in Hidalgo counties, so created by virtue of compliance with the laws of Texas regarding such districts. On September 15, 1929, the district executed three promissory vendor's lien notes in favor of appellee, each for $1,398.20, the first of which has been paid, and the remaining two, upon which the suit was brought, were payable respectively on the 15th of September, 1931 and 1932. The notes bore 6 per cent. interest per annum from date and provided for attorney's fees of 10 per cent. These notes, copied in full in the petition, were signed, "Willacy County Water Control and Improvement District No. 1, by W. A. Harding, President of the Board of Directors." They recited that they were given in part payment of 138.82 acres of land in Willacy county. At the same time appellee conveyed the land to appellant by warranty deed, the consideration being $1,398.20 cash, which was paid, and the three stated notes. The vendor's lien was retained in the notes and deed.

Appellant filed special exceptions to the petition (all of which were overruled) questioning its sufficiency in that it failed to allege:

1. That execution of the notes was authorized by the board of directors "by resolution duly passed and incorporated in the minutes of the District."

2. "That such act, if any, was necessary for the construction, maintenance, or operation of the project of said defendant District."

3. That Harding was in fact president of the board when he signed the note. That his act in so signing was for the benefit of the district upon resolution of the board.

4. That there was money on hand at the time to pay the obligations.

5. That provision was made for payment of interest and sinking fund.

6. That proposition for creating the debt was submitted to and adopted by the qualified voters of the district.

7. That the district now has funds with which to pay the obligations.

Answering to the merits, appellant (besides general denial) specifically denied: (1) That provision was made for payment of the notes; (2) that the proposition was submitted to the voters; (3) that any resolution was passed by the board authorizing Harding to execute the notes; and (4) that the district had at the time, and now has, any funds with which to pay the notes.

The court sustained two special exceptions to this answer urging: (1) That the matters pleaded therein constituted a plea of non est factum which was required to be verified; (2) that since the answer admitted that appellee was a body politic under section 59 of article 16 of the Constitution, it had the power to make the

contract sued upon and the president had the power to execute it.

These exceptions were contained in a supplemental petition, which also contained a plea alleging that the district had been "validated by the legislature"; that a proposition to issue $7,500,000 of bonds had been submitted to and approved by the voters to enable acquisition of the property in issue; that this bond issue had been validated by the legislature; that the bonds had been approved by the Attorney General, and $1,450,000 of said bonds sold; and that the property in suit was purchased and the notes executed under authority of this bond issue and validation.

The supplemental petition also contained a plea of estoppel alleging: "That the said District now has the possession of said land, has recorded its deed thereto, and has had possession thereof for more than four years, asserting title and ownership thereto, and for such reason is now estopped from denying the validity of such transaction, or the validity of the notes evidencing the purchase price, or a part thereof, of said land. * * * That the said defendant is still asserting title and ownership of said lands, and is seeking to avoid the payment of the purchase price thereof on the grounds as set out in its said answer. That to permit said District so to do would be and is a direct violation of the statutory provisions relating thereto and would be to perpetrate a fraud upon this plaintiff and to deprive plaintiff of such property without just compensation therefor, in violation of the Constitution of this State and of the provisions of the Constitution of the United States."

The only evidence introduced by appellee was the two notes sued on and certified copy of the deed.

Appellant offered testimony of its attorney to the effect: "I am personally acquainted with the record with reference to the seven and a half million dollars in bonds which have been validated through a suit by the Attorney General as required by law. I personally know that none of these bonds have ever been sold; that they are here in an Austin Bank, the depository, where they were deposited originally; that I examined the records to find out if any provision was made for the payment of these notes, and that no provision was made at the time these notes were given or signed to pay that debt."

This testimony was excluded upon objection that the record was the best evidence.

No other evidence was offered by either party.

It will be observed that the special denials in the answer relate to the same matters urged in special exceptions to the petition. We will first consider the points thus raised.

█ In so far as the answer denied execution of the notes by the district or by its authority, clearly the objection that it required verification was good under R.C.S. art. 2010, subd. 8. The petition sufficiently alleged execution of the notes by the district, which showed on their face that they were signed by the district by the president of its board. Absent verified denial, execution of the notes by the district under requisite formalities, and authority of the president to sign them, could not be challenged.

█ The district no doubt had the general authority to purchase such lands as might be necessary or appropriate to its proper operation. The discretion of the board in making such purchase could not be questioned in the absence of fraud or palpable abuse.

We hold the rulings of the trial court upon special exceptions both to the petition and answer correct in so far as concerns the execution of the notes, the authority of the president to sign them, and the power of the board to purchase the land.

█ This holding, however, does not extend to the power of the district to create a debt within the meaning of the conservation amendment. Const. art. 16, § 59.

That the obligation evidenced by the notes constitutes such debt, and that a petition declaring thereon which fails to allege compliance with the constitutional prerequisites to its creation is fatally defective, even against general demurrer, was decided in McNeal v. Waco, 89 Tex. 83, 33 S.W. 322.

Appellees rely upon Keel v. Pulte (Tex. Com.App.) 10 S.W.(2d) 694. That case is not in point. It concerned a home rule city as to which there is no constitutional provision requiring the creation of a debt to be submitted to the electorate. There was a charter provision requiring such submission in the case of bonds. The extent of the holding, following Lasater v. Lopez, 110 Tex. 179, 189, 217 S.W. 373, and other

cited cases, was to the effect that warrants (held to be non-negotiable) were not bonds within the meaning of the charter.

Here the Constitution (art. 16, § 59) expressly provides: "The Legislature shall not authorize the issuance of any bonds or provide for any indebtedness against any reclamation district unless such proposition shall first be submitted to the qualified property tax-paying voters of such district and the proposition adopted."

The original petition failing to allege such compliance, the trial court erred in overruling the general demurrer and the special exception complaining of such failure.

■ Appellee's brief sets up certain provisions of a special act of the Legislature effective February 19, 1929 (chapter 166, p. 353, Reg.Sess. 41st Leg.), as evidencing compliance by the district with the invoked constitutional provision. This being a special or local law, it was necessary that it be pleaded and proved in order to be considered. 17 Tex.Jur. p. 172, and authorities cited in note 9. The above pleading in appellee's supplemental petition was no doubt intended to refer to this act, although the pleading contained no reference to the act which would enable one to find it. But assuming sufficiency of the pleading, there was no proof of the act, and therefore it cannot be considered so far as concerns this appeal.

■ In view of another trial, we have carefully examined the act and have reached the conclusion that the bond issue therein recited and validated was sufficient to meet the constitutional requirement provided it were shown that the property was purchased and the debt incurred under the authorization of the bond election. It will be noted that the property was purchased in September, 1929, some six months after the act became effective.

■ There was no proof offered upon the plea of estoppel; hence it cannot be considered in support of the judgment. Of course, the district could not keep the land and repudiate the purchase money obligation.

■ The above evidence offered by appellant was not subject to the sustained objection that it was not the best but secondary evidence. "Parol evidence is admissible as primary and positive proof of the nonexistence of records, laws, or other documentary evidence." 17 Tex.Jur. p. 479.

However, the point is not important, since the burden was on appellee to show compliance with the Constitution.

In so far as the trial court's judgment forecloses the vendor's lien, it is affirmed. The personal judgment against the district is reversed, and the cause remanded.

Affirmed in part, and in part reversed and remanded.