**CITY AND COUNTY OF DALLAS LEVEE IMPROVEMENT DIST. v. HALSEY, STUART & CO., Inc.**

No. 5789.

Court of Civil Appeals of Texas. Amarillo.

May 26, 1947.

958

Bowyer, Gray, Thomas, Crozier & Jaffee, of Dallas, for appellant.

Robert Ogden, of Dallas, for appellee.

PITTS, Chief Justice.

Appellee, Halsey, Stuart and Company, a corporation, filed suit against appellant, City and County of Dallas Levee Improvement District, a municipal corporation, and its Board of Supervisors, namely, Charles Roberts, J. Hardy Neel, and R. C. Griffith, in their official capacities only, alleging a debt created under and by virtue of a refund agreement, bond holders' agreement, plan and agreement of re-adjustment and approval thereof, and a letter of date July 22, 1937. Upon all of these agreements and the provisions thereof but particularly the provisions in the letter, appellee in effect declared appellant indebted to it in the total sum of $16,816.13 for which sum suit was filed. Appellant defended in effect on the grounds that no legal contract was authorized at any time by appellant's governing body and therefore appellant never at any time entered into a legal contract to pay appellee any sum; but, if appellant did obligate itself to pay appellee the sum claimed, the same was barred by both the two and four years Statutes of Limitations.

The case was tried to the court without a jury and judgment was rendered for appellee in the sum of $14,776.65 with annual interest thereon at the rate of six per cent per annum from August 29, 1945, from which judgment an appeal was perfected to the Court of Civil Appeals of the Fifth Supreme Judicial District and the same was transferred to this Court by the Supreme Court.

Appellant's first contention, made as a defense to the effect that no valid obligation existed against appellant because its governing body never at any time authorized the execution of a contract of any nature such as bound it to pay any sum to appellee for services rendered, was resisted by appellee on the grounds that appellant failed to verify its answer of "non est factum" denying the alleged obligation and that the authority of the Chairman of the

Board of Supervisors of the City and County of Dallas Levee Improvement District is therefore conclusively presumed against appellant in the absence of such verified pleadings or denial and that appellant is bound by the statements, promises, and commitments made by such chairman of the Improvement District. The record reveals that the letter in question of date July 22, 1937, was addressed to appellee and signed by "L. A. Stemmons, Chairman, Board of Supervisors of City and County of Dallas Levee Improvement District," in which letter Stemmons agreed to pay appellee for its services as appellant's exchange agent a fee at the rate of ¼ of 1% per $1000 bond so exchanged in exchanging 6000 bonds of the denomination of $1000 each owned and belonging to appellant for refunding bonds and in addition thereto the writer of the letter further agreed to pay appellee as appellant's fiscal agent for further services set out therein according to a lengthy schedule therein stated including "out of pocket expenses incurred by Halsey, Stuart and Company, Incorporated, in the performance of services both as exchange agent and fiscal agent; such expenses to cover telephone and telegraph, insurance and postage." The record further reveals that appellee pleaded the terms of the agreements hereinabove referred to and particularly the terms of the letter in question, a copy of which was attached thereto and made a part thereof for all purposes and that it pleaded a performance of the services until such were terminated by appellant for which it pleaded that appellant owes it a balance of $14,370 as exchange fees together with $2446.13 as a reimbursement for "out of pocket expenses." Appellant answered with a general denial and set up its defenses, among them being the defense above referred to but it did not swear to its pleadings. Rule 93 of the Texas Rules of Civil Procedure requires a lack of authority to execute an instrument sued on pleaded and claimed as a defense to be verified by the pleader and Section h of the said Rule provides that in the absence of such a sworn plea, the instrument in question shall be received in evidence as fully proved. Rule 93 supersedes and is a repetition of the provisions of the law found in several articles of the Statutes and we refer particularly to Article 2010 which required such a defense as herein discussed to be verified by the pleader. Such Rule has the support of many decisions and several text writers. Missouri State Life Ins. Co. v. Boles, Tex.Civ.App., 288 S.W. 271; Miles Realty Co. v. Dodson, Tex.Civ. App., 8 S.W.2d 516; Century Ins. Co. v. Hogan, Tex.Civ.App., 135 S.W.2d 224; 10 Tex.Jur. 996, Sec. 336. In the case of Willacy County Water Control & Improvement Dist. No. 1 v. Nelson, Tex.Civ.App., 108 S.W.2d 271, the said Rule was made applicable to a district such as appellant. Since appellant did not verify its pleadings the claim of lack of authority of L. A. Stemmons, Chairman of the Board, to bind appellant cannot be made the basis of an assignment of error by appellant.

██ But, be that as it may, the statement of facts contains some forty pages of orders and resolutions copied from the minutes of the proceedings of meetings held by appellant's Board of Supervisors in which authority was given for the payment of principal and interest due appellant on bonds to appellee; further excerpts from the said minutes reveal that the Board required that any notice of redemption of any bonds must be given to appellee by registered mail; we find other excerpts of a similar nature taken from the minutes of the said Board which clearly reveal that appellee's authority was well recognized by appellant and its Board of Supervisors in conducting the official business of appellant. The letter in question was recorded in the minutes of the Board by I. G. Etheridge, the secretary of the Board, who testified that Stemmons, Chairman of the Board, asked him to record the letter in the minutes as a memoranda of "the contract or agreement" between appellant and appellee and that such was so recorded. He further testified that he advised appellee by letter of date December 1, 1938, that the said letter of date July 22, 1937, signed by L. A. Stemmons as Chairman of the Board had been "subsequently approved by the Board of Supervisors." Although appellant should not be heard to complain that the chairman of the Board, L. A.

960

Stemmons, did not have authority to bind appellant and although any evidence heard on the issue of lack of such authority was admitted over the objections of appellee and was improperly admitted, we believe there is sufficient evidence in the record to justify the trial court in finding that L. A. Stemmons did have sufficient authority to bind appellant as set forth in the letter and that Stemmons did so bind appellant. It is presumed however that the trial court either found that the chairman of the Board had been given authority to bind appellant or it considered only such evidence as was properly admissible and made such findings in either event in support of its judgment as the evidence of probative force justified.

■■■■ The provisions of the letter in question concerning the exchange fees to be paid by appellant to appellee provide that such payments shall be made "upon consummation of the refunding program under the terms and conditions of the plan and agreement" and that appellant shall reimburse appellee "upon rendition quarterly or semiannually of a statement showing out of pocket expense incured by Halsey, Stuart and Company, Inc., in the performance of services both as Exchange Agent and Fiscal Agent, such expenses to cover telephone and telegraph, insurance and postage." The record reveals by stipulation that from time to time since January 1, 1938, appellee rendered services for appellant according to the agreement and that the last exchange of bonds made by appellee for appellant was made on or about March 18, 1945, but·that appellee continued to hold itself ready, willing, and able to perform further services according to the terms of the agreements when appellant filed its petition in bankruptcy on August 29, 1945; that on the said date the said petition was approved and an order was entered by the Federal Court to the effect that it had complied with the law and a time and place was fixed for a hearing thereon; that appellee subsequently filed its claims for the services rendered in the sums heretofore stated and appellant excepted to its claims and that thereafter by agreement of the parties with the consent .of the court the claims were withdrawn

by appellee without prejudice to its rights to bring suit thereon in any court of competent jurisdiction or without waiving any rights or remedies it had or might have to collect its debts and with a further understanding that appellant would not plead as a defense that such claims of debt should have been presented, considered, and prosecuted in the bankruptcy proceedings. The record further reveals by stipulation that appellee contracted to exchange for appellant six thousand bonds of the denominations of $1000 each and that up to August 29, 1945, it had succeeded as the agent of appellant in satisfactorily exchanging 5,-748 bonds of the value of $1000 each, aggregating $5,748,000, for which services it was entitled to ¼ of 1% of the said sum amounting to $14,370, which sum the trial court awarded· appellee as exchange fees. The record further reveals that appellee sued for $2446.13 as "out of pocket expense" and appellee proved according to the stipulation a total expenditure of $2446.13 but the trial court awarded appellee the sum of $396.65 as "out of pocket expenses," denying recovery in the sum of $2049.48 which sum the trial court found had been spent by appellee for travelling expenses, printing, stationery, supplies, stenographic and clerical expenses. It appears that the trial court found that the latter expenses incurred were not covered by the contract, yet it awarded appellee the total sum of $14,766.65 in satisfaction of its total claim. Since the agreement provided that appellee would be paid its fees upon the consummation of the refunding plan and since it had partially consummated the plan and was ready, willing and able to complete the refunding plan but for the fact its services were terminated by the acts of appellant in filing its petition in bankruptcy on August 29, 1945, the exchange fees due appellee by appellant did. not become due until August 29, 1945, the date appellee's services were terminated by appellant when it filed the proceedings in bankruptcy. The record shows the contract was an indivisible and a continuous one and that, although the contract provided that appellee should be reimbursed for "out of pocket expenses" upon the rendition of statements rendered quarterly

or semiannually, the record reveals that such statements were not so rendered. The record further reveals that no claim or statement was filed by appellee for "out of pocket expenses" until one was filed in the bankruptcy court after appellant had filed its petition in bankruptcy. It has been held that in a contract such as this where the services rendered are divided into numerous parts and where it is continuous, indivisible, and provides for some payments to be made at stated intervals or in installments when proper statements are rendered therefor, the total debt matures when the contract has been completed according to its terms or when services are terminated and the Statute of Limitation does not begin to run on the total debt until the work has been completed or, as in the instant case, when the services of appellee had been terminated by the acts of appellant without any fault on the part of appellee. St. Louis Southwestern Ry. Co. of Texas v. Davy Burnt Clay Ballast Co., Tex.Civ. App., 288 S.W. 855; 37 C.J. 822, 823, Sec. 175. The Statute of Limitation did not begin to run on either of the said sums until the performance of the contract became impossible and terminated on August 29, 1945. Appellee filed this suit on April 16, 1946, some eight months after the debt became due. Therefore the pleas of the two and four years Statute of Limitations were both properly overruled by the trial court and its actions are here sustained by us. Condor Petroleum Co. v. Greene, Tex.Civ.App., 164 S.W.2d 713, and other authorities there cited; 28 Tex.Jur. 171, 172, Sections 79 and 80.

■ Appellant complains that the trial court erred in its failure to require appellee to allege that appellant had a fund or funds out of which the claims in question could be paid at the time of the creation of such debts or at the time they accrued. Such complaint is overruled since the trial court's judgment does not provide for collection by execution but by certification to appellant to be paid out of funds other than the interest and sinking funds provided for the liquidation of its outstanding bonds. The record reveals that appellant had current funds in the sum of $20,000 at the time of the trial out of which the judgment could be paid, and the law authorizes such claims to be paid out of any such current funds. Hidalgo County Water Improvement Dist. No. 2 v. Feick, Tex.Civ. App., 111 S.W.2d 742; Cameron County Water Improvement Dist. No. 8 v. Western Metal Mfg. Co. of Texas, Tex.Civ. App., 125 S.W.2d 650.

■ Appellant complains because the trial court authorized the payment of 6% interest on the amount of the judgment from August 29, 1945, which we find to have been proper since the debt accrued as a result of an agreement reduced to writing and signed by appellant and the same became due on the said date. Art. 5070, Revised Civil Statutes. We therefore overrule such complaint.

■ Appellant contends that the trial court erred in permitting recovery by appellee without pleadings and proof that demand for payment had been made to appellant. We overrule such contention for the reason that the record reveals that appellee pleaded that its claim matured when appellant's petition in bankruptcy was approved by the Federal Court and its services terminated and further for the reason that the parties stipulated that the claims here sued on were filed in the bankruptcy court and later withdrawn by agreement of the parties with approval of the court and without prejudice to the rights of appellee to institute suit thereon which constituted sufficient demand for payment.

We have carefully examined the record and all assignments of error. We find no reversible error and we therefore overrule all of appellant's points of error and affirm the judgment of the trial court.