**CITY OF GROVES, Appellant,**

v.

**O. C. PONDER, Appellee.**

No. 6108.

Court of Civil Appeals of Texas.

Beaumont.

May 9, 1957.

Rehearing Denied June 19, 1957.

**486**

Earl Black, Port Arthur, for appellant.

Bonham, Stanley & Campbell, Houston, Wilder & Berlin, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Jefferson County in favor of appellee O. C. Ponder against the appellant City of Groves for the sum of $2,591.79 on a written contract of employment.

On September 6, 1951, appellee Ponder was employed by Jefferson County Water Control and Improvement District No. 1 of Jefferson County, Texas, as general manager of such district. The contract was for three years, beginning September 16, 1951 and expiring September 15, 1954. By the terms of the contract Ponder was to be paid $600 per month for his services as such general manager. Such contract in its entirety reads as follows:

"The State of Texas }
County of Jefferson }

"This memorandum of agreement by and between Jefferson County Water Control and Improvement District No. 1, hereinafter called District, and O. C. Ponder, of Jefferson County, Texas,

"Witnesseth:

"Pursuant to the applicable provisions of Article 7880–46, Vernon's Annotated Civil Statutes, 1925, as amended, District hereby employs the said O. C. Ponder as General Manager for the District, upon the following terms and conditions, to-wit:

"1.

"The said Ponder is hereby and by these presents employed as General Manager for Jefferson County Water Control and Improvement District No. 1 of Jefferson County, Texas, and he is hereby given and granted full authority in the management and operation of the District affairs (subject only to the lawful orders of the Board of Directors) and the said O. C. Ponder is hereby vested with all responsibility for the operation of the said District and the management of the affairs of the District, subject, however, to the right, power and duty of the Board of Directors to control the over-all policy in the operation of the District.

"2.

"The said O. C. Ponder covenants and agrees that he will, to the best of his skill, knowledge and ability, so conduct himself and the affairs of the said District as to carry into execution the policies as set forth by the Board of Directors of the said District and will faithfully manage and operate the affairs of the District consistent with the law relating to said District, and with full and complete fidelity in the discharge of all of his said duties.

"3.

"For and in consideration of the services rendered and to be rendered the said Board of Directors hereby covenants and agrees that it will pay to the said O. C. Ponder in semi-monthly installments the sum of Six Hundred ($600.00) Dollars per month for each and every month the said Ponder serves as General Manager of said District under the provisions hereof.

"4.

"The term of this contract shall be for a period of Three (3) years, beginning September 16, 1951, and expiring September 15,

1954, provided, however, that the Board of Directors of said District may for good cause and for derelection of duty terminate this contract, provided, however, that no such termination shall be effective until such time as written charges shall have been preferred against the said Manager and a hearing conducted by the said Board of Directors.

"In Testimony Whereof the parties hereunto have executed this instrument in duplicate originals, upon this the *6th* day of September, A.D. 1951, the said District acting herein by and through the President of the Board of Directors hereunto duly authorized by resolution of even date herewith.

> "Jefferson County Water Control and Improvement District No. 1, by /s/ I. M. McCutcheon
> President, Board of Directors.
> /s/ O. C. Ponder
> O. C. Ponder

"Attest: (Seal)
/s/ J. A. Owings
　　Secretary."

On September 3, 1952, the Board of Directors of said Water Control District reduced Ponder's salary to $500 per month. In July, 1954, his salary was reduced to $385 per month, this time by the appellant City of Groves.

In March, 1954, the City of Groves was incorporated as an incorporated city and its boundaries included the territory of the said Water Control District. At that time the City of Groves absorbed the said Water Control District, took over all of its property and assets, and assumed all of its obligations, indebtednesses and contracts.

At the time when the Directors of the Water Control District reduced Ponder's salary from $600 to $500 per month, Ponder wrote the Board a letter advising it that he would continue to discharge his duties as assigned to him by the Board, but that he was not waiving his right to be paid the full amount as provided in his written contract of employment. Ponder continued throughout the three year term of contract to work at such duties as were assigned to him by the said Water Control District and by the Mayor and Council of the City of Groves. At the end of the three-year period he resigned and filed his suit against the City of Groves for the balance due under his written contract with the Water Control District, alleging substantially the above facts and in addition that the City of Groves had assumed his contract as an obligation of said Water Control District.

The appellant answered the suit by general denial, pleaded the two-year statute of limitations and further specially answered that the contract sued upon was "illegal and void under the Constitution and laws of the State of Texas," in that (a) it attempted to fix the term of office of the appellee at more than two years, and (b) under the terms of Article 7880–46, Vernon's Annotated Civil Statutes of Texas, the Directors of said Water Control District had a right to remove its manager and any contract to the contrary would be illegal and void.

It further alleged in the alternative that if the appellee had a binding contract then the same was terminated when the City of Groves assumed control and took over the Water Control District in accordance with the law.

The appellant presented a motion for instructed verdict, which was overruled by the trial court.

At the conclusion of all the evidence, the trial court, finding that there were no questions of fact in dispute and that all issues involved in said cause of action were questions of law, discharged the jury and rendered judgment for the appellee, against the appellant. The parties stipulated on the trial that $2,591.79 was the sum of money which was the difference between what appellee Ponder did receive and what he would have received had he been paid at the rate of $600 per month throughout the three-year term of the contract. The appellant has duly perfected its appeal.

The appellant presents its appeal under five points of error, which read as follows:

"First Point: The contract was illegal and void for the reason that a term of office cannot extend beyond a two-year period of time under the Constitution of the State of Texas.

"Second Point: The contract was illegal and void because it was contrary to Article 7880-46, V.A.C.S. of Texas 1925.

"Third Point: The trial court erred in instructing a verdict in favor of appellee because the appellee's cause of action was barred by the two-year statute of limitation.

"Fourth Point: The trial court erred in instructing a verdict in favor of the appellee for the reason that any contract appellee had was terminated on March 1, 1954, by operation of law when the Water District was taken over and absorbed by The City of Groves.

"Fifth Point: Appellee failed to prove the contract in question was executed by authority of a resolution duly passed and adopted by the Board of Directors of Jefferson County Water Control and Improvement District No. 1, Jefferson County, Texas."

Appellant's first and second points are presented together in its brief and we will discuss them together here. Article 7880-46, Vernon's Annotated Civil Statutes of Texas, which deals with water control and improvement districts, provides as follows:

"The directors may employ a general manager for the district and may give him full authority in the management and operation of the district affairs (subject only to the orders of the board of directors). The term of office and compensation to be paid such manager and all employees shall be by the board of directors and all employees may be removed by the board."

■ We think it is clear from a reading of the statute that the appellant was not an officer of the District, as is contended by the appellant, but was an employee, subject to the orders of the Board of Directors of the District. The only officers of the Water District mentioned in the statute are the directors. The determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others. Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578. By the words of the statute itself Ponder, as General Manager of the District, was subject to the orders of the Board of Directors. For this reason, we think there is no merit in appellant's contention that the contract with Ponder was void as creating an office, the term of which extended for more than two years.

■ We also find no merit in appellant's contention that the contract was void because it was in conflict with the above statutory provisions that all employees may be removed by the Board. The Board of Directors of the Water Control District of course had the right under the statute to remove Ponder at any time they so desired, but they would have done so still burdened with the obligation to pay him for the full three-year term of his contract, or for whatever his damages would have been for breach of the contract. It appears undisputed from the evidence that the Directors of the Water Control District and later the City Council of the appellant City of Groves did at times change the duties of Ponder and pay him smaller amounts than his contract of employment called for, and in doing so they merely reduced the amount of damages suffered by the breach of the contract. On the authority of Kennon v. Schlesinger, Tex.Civ.App., 182 S.W.2d 373 (writ refused), appellant's second point is overruled.

■ We overrule appellant's third point, under which it contends that appellee's cause of action was barred by the two-year

statute of limitations. Appellee's suit is based upon a contract in writing and is not barred by the two-year statute of limitations. The appellant cites and relies upon several cases holding that in a suit on a contract of employment the two-year statute of limitations applies. All of these authorities pertain to oral contracts and they have no application to this case. The Water Control District in this instance was performing a proprietary function and was authorized to make such a contract as was made here and to bind the district and its successor. Since this was a suit upon a contract in writing, the four-year statute of limitations would apply and not the two-year statute, Vernons' Ann.Civ.St. arts. 5526, 5527.

■ By its fourth point appellant argues that when the City of Groves became an incorporated city and the Water District was "taken over and absorbed" by the City of Groves, appellee's contract was terminated by operation of law. For this position it relies upon the case of Smith v. City of Port Arthur, 62 S.W.2d 385, 387, by this Court, in which this Court held: "Every office holder or employee takes his office or accepts and contracts for his employment with the city subject to the exercise of the right of the people under the Constitution to change their form of government." The quoted portion of the opinion is copied by the appellant in its brief, but the quotation is not complete. In the opinion there is a comma after the word "government", and the sentence is completed as follows: * * government, and, when the city of Port Arthur adopted the new charter, the office or contract by virtue of which said employees were serving the city ipso facto ceased, unless perpetuated or renewed by virtue of some other legal provision or contract."

We do not believe this case is authority for holding that when the City of Groves, by virtue of its incorporation, absorbed the said Water Control District it was relieved of the obligation of the Water Control District to perform its written contract with Ponder, or in the alternative pay him for damages suffered because of the breach of the contract. Under the provisions of Article 7880–147zl, when the territory within the Water Control District was annexed by the City of Groves such city was empowered and authorized to purchase and take over all assets and properties of or belonging to the District, and to assume all debts, liabilities and obligations of such District and payment therefor. Ponder's contract for the balance of its three-year term was one of such outstanding obligations, contracts and liabilities, and the appellant City of Groves assumed the burden thereof when it absorbed said Water Control District. This point is overruled.

■ Appellant says by its fifth point that the appellee failed to prove that the contract in question was executed by authority of a resolution duly passed and adopted by the Board of Directors of the Water Control District. The appellant did not deny under oath the execution of the contract by the authority of the Directors of the Water Control District. Under Rule 93(h), Texas Rules of Civil Procedure, in the absence of such a sworn pleading, the instrument must be received in evidence as fully proved. A verified general denial will not serve as such a sworn denial of execution. See McDonald's Texas Civil Practice, Vol. 2, pages 662–663. Proof was made of the execution of the contract by the President and Secretary of the Directors of the Water Control District, and the contract was therefore properly admitted in evidence, in the absence of a sworn denial of execution or authority to execute. See also, Willacy County Water Control and Improvement District No. 1 v. Nelson, Tex.Civ.App., 108 S.W.2d 271, in which it was held that the execution of notes of the Water Control District signed by the President of the Board could not be challenged, nor could the authority of the President to sign them be challenged, in the absence of a verified denial of such authority and execution.

We believe the trial court entered a proper judgment in this case. There was no controversy over the facts and only questions of law were before the court for determination. There was a valid contract in writing executed by the Water Control District in its proprietary capacity employing Ponder for a specific term of three years. The contract was breached, the appellee suffered monetary damages as a result thereof, the obligation to pay such damages was an obligation of the Water Control District and such obligation was assumed by the City of Groves when it took over the assets of the Water Control District.

The judgment is affirmed.