**Ed NILES, Appellant,**

v.

**HARRIS COUNTY FRESH WATER SUPPLY DISTRICT NO. I–A, Appellee.**

No. 3748.

Court of Civil Appeals of Texas.

Waco.

June 9, 1960.

Rehearing Denied July 7, 1960.

Louis W. Graves, Jr., Holman, Saccomanno & Clegg, Houston, for appellant.

Henry E. Doyle, Houston, for appellee.

WILSON, Justice.

Appellant says we failed to cite or discuss City of Groves v. Ponder, Tex.Civ. App., 303 S.W.2d 485, writ ref. n. r. e.; City and County of Dallas Levee Improvement Dist. v. Halsey, Tex.Civ.App., 202 S.W.2d 957, n. w. h.; and Willacy County Water Control and Improvement Dist. v. Nelson, Tex.Civ.App. 108 S.W.2d 271, n. w. h. Each of these cases involved the objection that there was no resolution of

the governing body authorizing execution of the contract. We attempted to distinguish, in the original opinion, between "execution", as being authorized by the governing body, and lack of basic power to execute or authorize execution of a contract. In the opinion we assumed that in the absence of a plea of non est factum, execution was admitted. That it be admitted that an unlawful contract was executed, even by authorization of the governing body, does not overcome the lack of basic power or authority to enter into the agreement.

■ It is urged that appellee did not affirmatively plead illegality. It might be said that appellee's special denial of appellant's pleading that "all conditions precedent to the maintenance of this action have been performed and have occurred"; and its allegations that the contract never became binding; and that when "defendant became aware of the irregularities in the bidding process", it rescinded action, though general, were sufficient under Rules 54, 67, 45, 90 and 92 to raise the issue. We did not and do not find it necessary to pass on this question, as the contract sued on shows illegality on its face, making affirmative pleading unnecessary. Texas & P. Coal Co. v. Lawson, 89 Tex. 394, 34 S.W. 919; Banker v. Jefferson County Water Control & Imp. Dist., Tex.Civ.App., 277 S.W.2d 130, 134, writ ref., n. r. e.; Continental Fire & Cas. Ins. Corp. v. American Mfg. Co., Tex.Civ.App., 206 S.W.2d 669, 672, n. w. h.; Mullin v. Nash-El Paso Motor Co., Tex.Civ.App., 250 S.W. 472, 475, writ ref.; 10-A Tex.Jur., Sec. 307, p. 625. In this non-jury trial, since much of the evidence was introduced by appellant and admitted without objection as to sufficiency of pleading, we think it may also be said the issue was tried by implied consent under Rule 67. Hearne v. Bradshaw, 158 Tex. 453, 312 S.W.2d 948; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

We have carefully considered the motion for rehearing and it is overruled.