

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 21, 1966

Honorable R. L. Lattimore          Opinion No. C-728
Criminal District Attorney
Hidalgo County                     Re: Authority of a county to
Edinburg, Texas                        employ a Justice of the
                                       Peace for the purpose of
                                       interviewing land owners
                                       in connection with the
                                       acquisition of road
Dear Mr. Lattimore:                    rights-of-way.

        By letter to this office you have requested an
opinion in regard to the above referenced matter.  We
quote from your letter as follows:

        ". . .

        "This writer is of the definite opinion that
    Article 16, Section 40 of the Constitution of the
    State of Texas has no application in this case,
    inasmuch as a Justice of the Peace is specifically
    excepted from the effect thereof.  However, this
    writer is concerned over the fact of Article 373
    of the Penal Code of the State of Texas on this
    question, . . .

        "A Justice of the Peace is a duly elected
    officer of the county and would certainly appear
    to be covered by Article 373, even though the
    Article was apparently enacted particularly to
    cover members of governing bodies of a city or
    county of this State.

        "It would appear to this writer that the
    Justice of the Peace, if employed by Hidalgo
    County to obtain easements from land owners in
    this County, would be specifically pecuniarily
    interested in the easements' contracts obtained
    from the land owners, inasmuch as the continuation

-3499-

of his job would certainly depend upon him acquiring such easements. To say the least, an advantage would result to him from the acquisition of such easements.

"Also, this writer feels that, as a matter of good public policy, no county officer should receive compensation for two separate types of employment from the county, and such would be the case now presented.

" . . . "

Article XVI, Section 40 of the Texas Constitution provides, in part:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument except that of Justice of Peace, . . . "

Article 373 of Vernon's Penal Code provides:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be

fined not less than fifty nor more than five
hundred dollars."

Section 40 of Article XVI of the Texas Constitution
has no application in this situation inasmuch as Justices
of the Peace are specifically exempt from the provisions thereof;
furthermore, such employment would not, as a matter of law,
constitute a civil office of emolument. Dunbar v. Brazoria
County, 224 S.W.2d 738 (Tex.Civ.App. 1949, error ref.); Aldine
Independent School District v. Standley, 154 Tex. 547, 280
S.W.2d 578 (1955); City of Groves v. Ponder, 303 S.W.2d 485
(Tex.Civ.App. 1957, error ref. n.r.e.); Northwestern National
Life Insurance Co. v. Black, 383 S.W.2d 806 (Tex.Civ.App. 1964,
error ref. n.r.e.).

Article 373 of the Penal Code does not prohibit such
employment for the reason that the employment of an individual
by a county does not constitute a pecuniary interest in any
of those types of contracts made by a county which are set out
in Article 373.

The principles of law to be applied to this question
are the same as those set forth in opinions of this office
which hold that county officers may be employed by the county
to perform duties which are not required of the officer by
law; for example, a county attorney being employed to represent
the county in civil actions. Attorney General's Opinions
O-864 (1939), O-4301 (1942) and O-6534 (1945).

In a similar fact situation this office held that a
county commissioner may also serve as a bus driver for a
common school district. Attorney General's Opinion O-4957
(1942).

### S U M M A R Y

A county may employ a Justice of the Peace
for the purpose of interviewing land owners in
connection with the acquisition of road rights-
of-way.

Yours very truly,

WAGGONER CARR
Attorney General

By:  Lewis E. Berry, Jr.
     Assistant

LEBjr:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
James McCoy
Gordon Houser
Kerns Taylor
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright