Roger HOSS, Appellant,

v.

Leo ·H. FABACHER, Appellee.

No. 17281.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 1979.

Pope & Waits, Dougal C. Pope and Edward W. Engel, Houston, for appellant.

Charles T. Richardson, Clute, for appellee.

PEDEN, Justice.

Roger Hoss, plaintiff below, appeals from a take-nothing judgment after a non-jury trial of a suit and a cross-action. The plaintiff complains that he was entitled to recover on a bearer instrument signed by the defendant. Findings of fact and conclusions were filed. We find that the paper in question is unenforceable on its face and we affirm.

Plaintiff's trial pleading was based on a "bearer instrument", a copy of which he attached to his trial petition. It is a form on which some of the blanks have been filled in:

Freeport, Texas, <u>15 April 1971</u> <u>$6002.19</u>

For value received, I, we, or either of us, the undersigned, promise to pay to the order of _____ In _____ monthly installments of $_____ each and one installment of _____, the first installment to become due and payable on or before the 16 day of July, 1971, and one installment to be due and payable on the _____ day of each succeeding month until the whole of said indebtedness is paid with interest from date at the rate of 10 per cent per annum.

> All past due principal and interest . .
>
> It is understood and agreed that failure to pay . . .
>
> (There was also a provision for payment of an attorney's fee and a waiver of presentment, notice and protest.)

The form bears the signature of the defendant.

The plaintiff alleged that payment was due and that demand had been made. Fabacher's answer generally denied Mr. Hoss' allegation and asserted the affirmative defense of forgery, and he sought damages plus punitive damages in a cross-action based on sale of a ship.

We summarize the trial court's findings of fact concerning the paper in question: 9) Fabacher's signature on it is genuine, 10) the name of the payee is not filled in and is blank, 11) the sum to be paid is not filled in and is blank, and 12) the defendant denied that he made and executed a bearer instrument.

We also summarize the trial court's conclusions of law concerning the purported note: 6) the plaintiff has failed to make a *prima facie* case in that the instrument in question is unenforceable on its face and is an incomplete order instrument, and 7) Sections 3.111 and 3.115(a) of the Business and Commerce Code control this case.

The appellant's first five points of error are that the trial court erred 1) in holding that Sections 3.111 and 3.115(a) of the Business and Commerce Code control this case, because the defendant has no pleadings on which that holding may be based and because it is Section 3.307 that is controlling;

2) in finding that the sum paid is not filled in on the note in question; 3) in failing to find that the plaintiff owned the note in question; 4) in concluding that the plaintiff failed to make a *prima facie* case because, the court concluded, the instrument in question is unenforceable on its face and is an incomplete order instrument; and 5) in failing to find that the plaintiff was entitled to recover on the note in question since no payment had been made on it.

█ Under the Texas Business and Commerce Code, " 'instrument' means a negotiable instrument." § 3.102(a)(5) (1967). To be a negotiable instrument, the writing must (1) be signed by the maker or drawer, (2) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by the Code, (3) be payable on demand or at a definite time, and (4) be payable to order or to bearer. § 3.104(a) (1967). An instrument is payable to bearer when by its terms it is payable to (1) bearer or to the order of bearer; or (2) a specified person or bearer; or (3) "cash" or the order of "cash", or any other indication which does not purport to designate a specific payee. § 3.111 (1967) The official comment to this section clearly states

2. Paragraph (c) is reworded to remove any possible implication that "Pay to the order of _____" makes the instrument payable to bearer. It is an incomplete order instrument and falls under Section 3–115.

Section 3.115(a) of the Code, titled "Incomplete Instruments," provides that when a paper whose contents at the time of signing show that it is intended to become an instrument is signed while incomplete in any necessary respect, it is unenforceable until completed. Comment 2 following that section defines "necessary" as "necessary to complete instrument. It will always include the promise or order, the designation of the payee, and the amount payable." In our case the paper in question, stating: "Pay to the order of _____" is not a bearer instrument, and it does not contain a

promise to pay any amount. The trial judge was correct: it is unenforceable on its face and is incomplete. Section 3.307(b) is relied on by the appellant. It provides: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." We have seen that the paper in question does not constitute an "instrument" under the Code, so this section does not apply in our case.

 Further, we disagree with appellant's contention that because Fabacher's trial pleading consists only of a general denial, a specific denial asserting forgery, and alternatively, set-off, cross-claim and payment, Fabacher has waived the affirmative defense of incomplete instrument.

Since the paper sued on shows on its face that a recovery cannot be based upon it, defensive pleading was unnecessary. See *Niles v. Harris County Fresh Water Supply District*, 339 S.W.2d 562 (Tex.Civ.App.1960, writ ref.) and cases there cited; also *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967).

In the case of *Alexander v. Houston Oil Field Material Company, Inc.*, 386 S.W.2d 540, Civ.App. Tyler, 1965, writ ref. n. r. e. the court stated:

"As in all other types of suits a general denial in a suit upon a note puts in issue all matters pleaded by the Plaintiff which are not required to be denied under oath . . . A general denial does undoubtedly puts in issue allegations that the Plaintiff is the owner or holder of the note, that the same is due together with the amount due and owing thereon. Proof of these matters is essential to the right of recovery . . . Traverse of them is not an affirmative defense to be specially pleaded under Rule 94, T.R.C.P. . . . the defensive plea of general denial is sufficient in law to raise issues of fact with respect to every matter essential to Plaintiff's right of recovery save only those matters required to be denied under oath, and puts the burden on the Plaintiff of proving all such matters."

 Fabacher's general denial put in issue the allegations of the amount due, and the plaintiff-appellant did not prove that any amount was due. His suit was based on a purported note, and he neither alleged nor proved that or any other basis for recovery.

In his other points of error, 6 through 13, the appellant asserts that certain findings of fact and conclusions of law with respect to Fabacher's cross-action were erroneous. In response to that cross-action, the trial court found that Fabacher was entitled to set off his claim against Hoss against the claim of Hoss on the purported bearer instrument in question but that limitations barred Fabacher's recovery of damages on his claim. The trial court entered a take-nothing judgment on both parties' claims.

Having overruled the appellant's points of error based on his purported bearer instrument, we need not address his defensive points.

Affirmed.