

# The Attorney General of Texas

August 6, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Richard G. Morales, Sr.
County Attorney of Webb County
1810 San Bernardo
Laredo, Texas 78040

Opinion No. MW-39

Re: Whether a person may be Director of Operations of a CETA program administered by the county and also serve as a city councilman.

Dear Mr. Morales:

You have asked whether the dual office holding prohibition of the state constitution is applicable to the Director of Operations for the Webb County CETA program who is also a member of the city council for the City of Laredo.

The Director of Operations has been serving in that capacity since 1974. He was one of three people who were selected by the county commissioners court to serve as administrators of the county's CETA program. His salary of $20,500 is paid wholly from federal funds. He reports to the Executive Director of the program. Eighteen discrete areas of the program's operations are under the supervision of the Director of Operations. Among the activities with which he is involved are on-the-job training, public service projects, youth training and employment, classroom education, counseling and various support services offered to the participants in the CETA program. In 1978 the Director won a non-partisan election to a four year term on the Laredo city council.

With exceptions not relevant here, article 16, section 40 of the Texas Constitution forbids the holding of two "civil offices of emolument" concurrently by the same person. Members of the city council are paid a salary of $150 a month. Such office, therefore, is clearly one of emolument. Attorney General Letter Advisory Nos. 154 (1978); 85 (1974); 19 (1973). The question then becomes whether the Director occupies a "civil office."

In our opinion the Director of Operations does not occupy an "office." See Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Aldine Ind. Sch. Dist. v. Standley, 280 S.W.2d 578 (Tex. 1955); Kimbrough v. Barnett, 55 S.W. 120 (Tex. 1900); Ruiz v. State, 540 S.W.2d 809 (Tex. Civ. App. — Corpus Christi

1976, no writ); <u>Tilley v. Rogers</u>, 405 S.W.2d 220 (Tex. Civ. App. — Beaumont 1966, writ ref'd n.r.e.); <u>City of Groves v. Ponder</u>, 303 S.W.2d 485 (Tex. Civ. App. — Beaumont 1957, writ ref'd n.r.e.); Attorney General Letter Advisory Nos. 85, 81 (1974); Attorney General Opinions V–308 (1947); O–6458 (1945) (executive officer for the State Board for Vocational Education is not a civil office holder). The position of Director of Operations does not possess the elements attributed to an office as discussed in the above cases. The position is not established by law nor does it have a fixed term. <u>See</u> Tex. Const. art. 16, § 30. The duties of the position are not defined by law. The Director is not required to take an official oath nor required to execute a bond. <u>See</u> Tex. Const. art. 16, § 1. Qualifications for the position are not established by law. His removal from employment need not be pursuant to the constitutional provisions for the removal of officers. <u>See</u> <u>Aldine Ind. Sch. Dist. v. Standley</u>, <u>supra</u>; Tex. Const. art. 5, § 24. No facts have been presented which establish that he exercises any portion of the sovereign authority largely independent of the control of others. In brief, we believe that the city councilman does not breach the dual office holding prohibition by serving in his present capacity with the county CETA program.

Finally, the question of incompatibility must be considered. In Letter Advisory No. 86 it was said:

> Whether two offices are incompatible is usually a question of fact, and incompatibility under the law exists when the faithful and independent exercise of one office would necessarily interfere with or control the faithful and independent exercise of the other.
>
> . . . .
>
> [N]ot every conflict of interest, or possibility thereof, results in legal incompatibility. Conflicts can be avoided on occasion by the application of intervening statutes, ordinances, or rules, or by abstention or recusal. . . .

<u>See also</u> <u>Thomas v. Abernathy County Line Ind. Sch. Dist.</u>, 290 S.W. 152 (Tex. Comm'n App. 1927); <u>State v. Martin</u>, 51 S.W.2d 815 (Tex. Civ. App. — San Antonio 1932, no writ). Under the facts you have presented, there is no apparent incompatibility, however, since the Attorney General does not find facts in the opinion process, you should examine any other relevant facts as they develop in light of these cases and the letter advisory to determine if there is incompatibility or a conflict. <u>See</u> Attorney General Opinion M–714 (1970) relating to contractual relationships between the city and the county CETA program.

## S U M M A R Y

A city councilman serving as the Director of Operations for a county CETA program does not constitute dual office holding.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood