Alexander SNELL, Plaintiff,

v.

HIDALGO COUNTY WATER
IMPROVEMENT DISTRICT
NO. 2 et al., Defendants.

Civ. A. No. B–80–215.

United States District Court,
S. D. Texas,
Brownsville Division.

Feb. 11, 1981.

George Powell, Texas Rural Legal Aid,
Inc., Edinburg, Tex., for plaintiff.

Travis Hiester, Atlas & Hall, McAllen,
Tex., for defendants.

OPINION

VELA, District Judge.

Plaintiff, Alexander Snell, sought mone-
tary, injunctive and declaratory relief for
the alleged deprivation, pursuant to state
action, of his constitutional right to due
process of law. This alleged deprivation

had occurred in April 1980, when Defendant District, acting through its directors and general manager, had discharged Plaintiff from his employment without notice and hearing. For the reasons set forth below, this Court determines that Plaintiff did not possess a property interest in his employment and thus was not entitled to procedural due process prior to his dismissal.

Wherefore, premises considered, it is ADJUDGED that Plaintiff is not entitled to the relief he seeks and that he take nothing in this suit.

## FINDINGS OF FACT

1. Plaintiff was originally employed by Defendant District in September of 1956. He was employed as a pumper until 1976, when he was transferred to the District's foundry to work as a machinist and welder. Plaintiff's transfer was a result of his having been found intoxicated on the pump house premises, and it was felt that he could be more closely supervised at the foundry. At the time of his transfer, Plaintiff was specifically warned that he would be terminated if he was found drinking on the job or if he ever brought alcohol onto the premises.

2. It was customary for Plaintiff to bring a single beer to work each day and consume it on the foundry premises during his lunch hour. Plaintiff felt that this was not in violation of the conditions of his transfer since the beer was not consumed on company time.

3. On one occasion, Plaintiff brought a six-pack of beer onto the foundry premises during working hours. This beer had been purchased for one of his co-workers, and was not consumed on the premises.

4. Upon hearing of Plaintiff's bringing of beer to the foundry and prior to the date of his termination, Plaintiff was again warned by his supervisors not to bring or to consume alcohol on the premises.

5. On April 22, 1980, Plaintiff notified the district office that he would be late for work and requested the day off to repair his automobile. He was informed that he was needed at work and that he could take thirty minutes off. Plaintiff was unable to contact the plant's general manager, Larry Stevenson, and left a message setting out his request. Plaintiff did not report to work that day and spent the time repairing his car.

6. Defendant repaired his car at his son's house which was next door to the foundry. Plaintiff drank an undetermined quantity of beer while doing the repair work, and on one occasion came onto the foundry premises, with beer, allegedly to borrow some tools.

7. On April 23, 1980, Plaintiff was terminated by the plant manager for drinking on the premises and for past infractions. The manager spent approximately one hour with the Plaintiff and explained to him the reasons for his termination.

8. Subsequently, Plaintiff's legal representative contacted Mr. Stevenson, who informed her that Plaintiff could appear before the District's Board of Directors and informed her of the date, time and place of the next board meeting.

9. Neither Plaintiff nor his counsel ever requested that the issue of Plaintiff's termination be placed on the board meeting's agenda or showed up at the meeting. At the meeting, Mr. Stevenson's decision to terminate Plaintiff was approved by the Board.

10. Plaintiff did not have a written employment contract with the District, and there are no written rules or regulations regarding the terms of employment or procedures for termination which are in effect in the District. There are no fixed terms of employment for District employees.

11. Mr. Stevenson, the plant manager, testified that employees could be terminated at any time, for any reason. He further stated that Plaintiff would not have been fired had he followed the rules and regulations of the employer. He clarified this, however, as meaning that employees had to be at work on time and not drink or bring alcohol on the premises.

12. Plaintiff testified that he was free to quit his employment at any time, for any reason.

13. On April 17, 1980, Hidalgo County Water Improvement District No. 2 changed to become an irrigation district, Hidalgo County Irrigation District No. 2. The Irrigation District is the same entity as the Water District and has the same Board of Directors.

14. Hidalgo County Irrigation District No. 2 is a political subdivision of the State of Texas, and its actions in terminating Plaintiff's employment constitute state action.

15. Defendant District participated in an employee retirement program, the Texas County and District Retirement System. A portion of Plaintiff's salary was withheld each month by the District and deposited in Plaintiff's account with the System.

16. Plaintiff's status with respect to retirement benefits available under the System is unclear. Plaintiff's participation therein, however, is not contingent upon continued employment with the District, and he can continue membership despite termination of his employment or withdraw any funds deposited, with interest.

## CONCLUSIONS OF LAW

Procedural due process applies only when the state has deprived a person of a liberty or property interest protected under the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). In the context of public employment, a mere unilateral expectation of continued employment on the part of the employee is insufficient to confer a property interest. *Id.* at 577, 92 S.Ct. at 2709. A public employee enjoys a property interest in his job if he has a legitimate claim of entitlement to it. *Goss v. Lopez*, 419 U.S. 565, 573, 95 S.Ct. 729, 735, 42 L.Ed.2d 725 (1975); *Roth, supra* 408 U.S. at 577, 92 S.Ct. at 2709. This question is resolved by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *United Steel Workers of America, AFL–CIO v. University of Alabama*, 599 F.2d 56, 60 (5th Cir. 1979). Additionally, a person's interest in a benefit may be a property interest for due process purposes if there are such "rules or mutually explicit understandings" that support a claim of entitlement. *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). In the case at bar, neither state law nor any rules or mutual understandings support Plaintiff's contention that he possessed a property interest in his employment.

Texas law is clear that Plaintiff's employment status did not create a property right or interest. In 1977, the Texas Legislature enacted laws to create and operate irrigation districts. The law pertaining to the removal or discharge of employees, Section 58.091 of the Texas Water Code, provides that "[a]ll employees may be removed by the Board".[1] This language is identical to the language in Section 51.092 of the Water Code, which pertains to employees of water control and improvement districts. There is only one case cited under Section 51.092 which construes language identical to that found in that section and in Section 58.091 regarding the termination of employees of water control and improvement districts. That case, *City of Groves v. Ponder*, 303 S.W.2d 485 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.), construed the language of Article 7880–46 of the Civil Statutes of Texas,[2] and held that the Board of Directors of a district had the statutory right to remove an employee "at any time they [sic] so desired". *Id.* at 488. In *McDowell v. Texas*, 465 F.2d 1342 (5th Cir. 1971) (en banc), *cert. denied*, 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1972), the court construed a similar statute, Article 691 of the Civil Statutes of Texas,[3] which vested the Board of Texas State Hospitals and Special Schools with authority to terminate the em-

---

1. Tex.Water Code Ann. § 58.091 (Vernon Supp. 1980).

2. Acts 1925, 39th Leg., ch. 25, § 46, at 98 (repealed).

3. Acts 1951, 52nd Leg., ch. 691, § 1, at 286 (repealed).

ployment of a superintendent of an institution under its control "at any time". In that case the Fifth Circuit held that a superintendent lacked any expectancy of continued employment under the statute where he had been summarily discharged by the state Board of Mental Health and Mental Retardation.[4] *Id.* at 1347. The language of the statute and other factors led the *McDowell* court to conclude that the plaintiff lacked a right to procedural due process as a result of his firing.

 The common law of Texas, in construing the rights of private employees in cases similar to the case at bar, is to the effect that where an employment agreement is oral, and where there is no specified term of employment or the term of service is left to the discretion of either party, an employer is free to terminate an employee at will either with or without cause. *See, e. g., Perdue v. J. C. Penney Company, Inc.,* 470 F.Supp. 1234, 1239 (S.D.N.Y.1979); *Bowen v. Wohl Shoe Co.,* 389 F.Supp. 572, 576–77 (S.D.Tex.1975); *United Services Automobile Ass'n v. Tull,* 571 S.W.2d 551 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.); *Cactus Feeders, Inc. v. Wittler,* 509 S.W.2d 934 (Tex.Civ.App.—Amarillo 1974, no writ); *Scruggs v. Hormel and Co.,* 464 S.W.2d 730 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.).

A state employee that may be discharged at will under state law has no property interest in his or her job. *Thompson v. Bass,* 616 F.2d 1259, 1265 (5th Cir. 1980). The statutory law regarding Plaintiff's employment and the common law of Texas make it clear that his employment was terminable at will. As such, he possessed no legitimate claim of entitlement to his job, and was not entitled to procedural due process prior to termination.

Additionally, there were no rules or understandings between Plaintiff and the District which would support a claim of entitlement. That employees were expected to report to work on time and not bring or consume alcohol on the premises is insufficient in this context. Such "rules and understandings" are inherent in almost all employment situations, and to say that they create a property interest in public employment otherwise terminable at will would mean that virtually all terminations for their violation would require notice and hearing.[5] Furthermore, participation and benefits from the Texas County and District Retirement System did not hinge on Plaintiff's continued employment with the District, and Plaintiff recognized that he was free to leave his employment at any time. In such a posture, any expectations Plaintiff might have had in continued employment were unilateral and subjective, and clearly insufficient to trigger the protections of procedural due process.

Based on the foregoing, this Court concludes that Plaintiff is not entitled to the relief he seeks. This is a final judgment.

---

4. The Board of Mental Health & Mental Retardation is apparently the successor to the Hospital Board.

5. The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation. *Cafeteria and Restaurant Workers Union, Local 473, AFL–CIO v. McElroy,* 367 U.S. 895 (1961).